## Oak Lane Baptist Church v. Brooks.

*Vendor and vendee—Executory contract—Defective title.*

1. In an action by vendor against vendee for purchase money, it is a good defence that part of the land which the vendor undertook to convey was reserved by his grantor for a burial lot.

*Cemetery companies — Sale of land—Rights of owners—Charters—Trusts —Act of June 7, 1917.*

2. Where a church holds title to land under restrictions, requiring it to use the ground for burial purposes, and the church has sold lots for burial purposes, it cannot sell the land thereafter without the consent of the lot owners; as to permit such a conveyance without the consent of the lot owners would be contrary to the trust imposed in the chain of title. Section 1 of the Revised Price Act of June 7, 1917, P. L. 388, has no application in such a case.

Case stated. C. P. No. 1, Phila. Co., Dec. T., 1921, No. 4821.

*Harvey Gourley,* for plaintiff; *Thomas Stokes,* for defendant.

SHOEMAKER, J., Feb. 7, 1922.—It was agreed by the parties hereto that a tender of a deed by the plaintiff to the defendant had been made for the premises described, and a demand of the purchase money made as per agreement for the sale of the land, and the defendant refused to pay the purchase money because the plaintiff was without power to convey a good and marketable title, and defendant was under no obligation to accept the deed and pay the purchase money.

That a religious society, grantee of the land, was granted a charter of incorporation by the Commonwealth of Pennsylvania in 1836 under the name and style of "The Union Baptist Church, near Milestown."

That the lay members of said corporation, upon petition to the Court of Common Pleas of Philadelphia County, were granted a charter on Sept. 13, 1909, as found in Charter Book No. 40, page 420, under the name and style of "Oak Lane Baptist Church," the plaintiff herein.

That by due and legal proceedings the premises granted and devised by David Rorer to the said Union Baptist Church, near Milestown, were granted and conveyed by it to said Oak Lane Baptist Church by deed dated Dec. 5, 1912, in which deed the said Central Union Association of Independent Baptist Churches joined as grantor, thereby releasing to said grantee all of its contingent interest under the deed of David Rorer, dated June 17, 1833.

"An action for the purchase money of land is in legal effect a petition or bill for specific performance of the contract of purchase, and is governed by the same equitable principles:" Black v. American International Corp., 264 Pa. 260; Hoover v. Pontz, 271 Pa. 285. The plaintiff could not, therefore, in this action have compelled specific performance of the contract if the title were doubtful in a legal sense.

It appears by the case stated that the land was vested in the plaintiff's predecessor by deeds dated June 17, 1833, June 5, 1837, and the will of David Rorer, dated May, 1853 (excepting a lot 8 feet by 20 feet reserved to the grantor and devisor, David Rorer, for a family burial lot), to the only proper use and behoof of the plaintiff's predecessor in title "as a place for holding their religious meetings and a burial ground, and for no other use forever," and the part devised by the will of David Rorer "to be for the further good of the church and to be laid out into burial lots."

The plaintiff and its grantor complied with all the directions and conditions set forth in said deeds and will.

Deeds were given by the plaintiff and its grantor to purchasers of lots for burial grounds, among whom were David Rorer, grantor and devisor, and his family, which read as follows: "This is to certify that . . . has purchased of the corporation of the Union Baptist Church, near Milestown, in Lot No. —, a piece of ground, for a burial place (eight feet by ten), for the sum of . . . Dollars, which sum has been paid to the Trustees for said piece of ground, and which shall be held by said . . . his heirs and assigns, free forever."

That the old church of plaintiff, erected in 1833, has since 1914 remained unoccupied and unused. A portion of land along Cheltenham Avenue, adjoining and to the north of the church, is not occupied or sold for burial purposes, although it can be so used. The land immediately west of the church is used for burial purposes, and the whole of the land, known as the old ground, is the land given by David Rorer by his deed of June 17, 1833, and by his deed restricted "for the holding of religious meetings and for a burial ground, and for no other use forever." The new ground immediately west of the old ground is used entirely for burial purposes, and is the land given by David Rorer by his will dated May 7, 1853, "said lot to be for the further good of the church and to be laid out into burial lots."

The only parties to these proceedings are the plaintiff and defendant, the purchasers of lots not appearing of record, some, however, appearing by counsel at the argument and protesting against the sale.

Chief Justice Moschzisker, in Schuldt *v.* Reading Trust Co., 270 Pa. 360, said "that a court should never undertake to declare title to real estate good and marketable unless all the parties in interest are present on the record; and where the controlling question for determination is the construction of a written instrument, the case stated should set forth the document in full, with all conceivable relevant facts," which was repeated in Hoover *v.* Pontz, 271 Pa. 285, opinion by Justice Simpson.

A decision in this case could only be justified upon the ground that "the controlling question for decision is the construction of a written instrument and the case stated sets forth the document in full, with all conceivable relevant facts," as it appears that all the parties in interest, namely, the lot owners, are not parties to the record.

In considering whether the deed vested title in plaintiff, we are met with the reservation of the grantor, David Rorer, of the lot 8 feet by 20 feet from the grant.

This in itself would seem to defeat the plaintiff's action and render it unable to give title to all the ground it contracted to sell: Saler *v.* Lessy, 76 Pa. Superior Ct. 15.

It is suggested, however, that the Revised Price Act of June 7, 1917, P. L. 388, gives the court authority to confirm the sale made in this case. The proviso to section 1 of said act is that "the court shall be of the opinion that such decree shall be to the interest and advantage of all those interested therein, and without prejudice to any trust, charity or purposes for which the real estate or ground rent shall be held, and without the violation of any law which may confer an immunity or exemption from sale or alienation."

It will hardly be contended, however, that the part reserved by David Rorer could be affected by action founded on the act, and as to the balance of the land, we think the conveyance would be contrary to the trust or purpose imposed upon it by the conveyances and devise.

It is admitted in the case stated, paragraph 6, that "the church now seeks to dispose of said land and improvements that they may be used for general purposes other than for religious meetings and burial purposes." The fact

1 D. & C.

Oak Lane Baptist Church *v.* Brooks.

that there is now pending in the Court of Quarter Sessions an application made by this church, asking for leave to remove the bodies from the burial ground, shows that its proceedings here are a step to divest the rights of the lot owners. It is true that the church requests leave to sell the land subject to the rights of sepulchre, but since it is admitted that the sale under the decree is to be followed by an attempt to do away with the rights of sepulchre, it will be seen that the real purpose is to divest the lot owners and members of the congregation of their rights under the purpose for which the land is deeded.

We are, therefore, of the opinion that the sale does not meet the proviso of section 1 of the act, for "when all the facts are considered together, it cannot be denied that the action of the church, if consummated, will take away from the lot owners the very right and title to the property which the church itself has granted them and for which it has been paid. This, it seems to us, is a clear case of prejudicing the rights of persons for whom the charitable trust was created:" Gumbert's Appeal, 110 Pa. 496; Pitcairn *v.* Homewood Cemetery, 229 Pa. 18.

Judgment is accordingly entered for defendant and an exception allowed plaintiff.