[S. F. No. 11986. Department Two.—January 25, 1928.]

MAX ZIMMER et al., Appellants, v. CONGREGATION BETH ISRAEL et al., Respondents.

Olin L. Berry for Appellants.

Redman & Alexander and G. C. Ringole for Respondents.

RICHARDS, J.—This appeal is from a judgment of the superior court in and for the city and county of San Francisco in favor of the defendants in an action instituted by the plaintiffs having for its purpose the prevention of the defendants from interfering with the attempted effort and action of the plaintiffs to place a tombstone of a certain type upon and over the grave of one Bertha Zimmer, the deceased wife of the plaintiff Max Zimmer and sister of the plaintiff Joseph B. Kasser, the said grave of said decedent being located in a certain portion of a cemetery known and designated as "Salem Cemetery," located in the county of San Mateo and maintained and conducted by the defendant Congregation Beth Israel, a religious association, for the burial of persons of the Jewish faith. The decedent, Bertha Zimmer, died on January 20, 1922, in the city of San Francisco. Subsequent to her death her husband purchased from said defendant Congregation Beth Israel the right to bury the body of his deceased wife in said Salem Cemetery and in a portion thereof wherein single graves are sold to persons who do not desire to purchase more than the space for one

grave. At the time of said purchase and for some years prior thereto the said defendant Congregation Beth Israel had in operation certain duly adopted rules and by-laws of said association with relation to the size, type, and style of tombstones to be permitted to be erected or placed upon and over graves in the several portions or divisions of said cemetery, depending upon their location, which rules and by-laws had, since their adoption, been uniformly enforced. That by virtue of such rules and by-laws no person was to be permitted to erect a full-length tombstone over any grave in the division of said cemetery known and maintained as a single grave portion or division thereof by said rules and by-laws. Said rules and by-laws were peculiarly applicable to those portions or enlargements of said cemetery which had been opened up for burials since the year 1917, and while such rules and by-laws could not be given retroactive operation in the other portions of said cemetery wherein burials had been had and tombstones and monuments erected in the earlier history of said place of interment, they were given application uniformly to the portions and divisions of said cemetery which had been opened up for interments and in which purchases of plots for single graves had been made since said date. That the purpose underlying the adoption and uniform enforcement of said rules and by-laws within the above-named portions and divisions of said cemetery was that of facilitating the care and beautification of said cemetery in the interest of all of those who had or should acquire burial plots therein. The trial court has found upon sufficient evidence that such rules and by-laws were reasonable and were uniformly applied and enforced within the above-named portions or divisions of said cemetery. The said rules and by-laws further provided that no monuments or other adornments of burial lots were to be constructed or placed thereon without the approval of the cemetery committee of said association, and particularly that no monument or gravestone was to be erected thereon until the inscription thereof had been approved by the rabbi of said congregation. The purchase of the burial plot for the interment of said Bertha Zimmer, deceased, in said cemetery had been made by her said surviving husband long after the date of the adoption of said rules and by-laws and while the same were in full and uniform operation

upon and over the portion or division of said cemetery within which such purchase and interment were made. Notwithstanding this the said plaintiffs, the husband, and brother, respectively, of said decedent, after the interment of her remains in said purchased plot, proceeded to contract with a manufacturer of tombstones for the creation and placing upon and over the grave of said decedent of a marble slab six and one-half feet long by three feet wide, which, when so placed, was to lie horizontally over and was to entirely cover the grave of said decedent. That said tombstone, as to its size and the manner of placing the same, was in violation of the aforesaid rules and by-laws of said association and was proposed by said plaintiffs to be so constructed and so placed upon the grave of said decedent without the permission first to be procured from the said association or the governing officials, and without any application either for such permission or for the approval of the inscription to be placed thereon. That upon learning of the desire and intent of said plaintiffs to place said tombstone upon and over the grave of the decedent the association, through its said officials, made offers to the plaintiffs to permit them to remove the remains of said decedent to another plot whereon said tombstone might be placed, which, though of higher price, was to be at no additional cost to them, and further offered to pay all of the charges and expenses of such removal, but which offers the plaintiffs refused to accept, but, on the contrary, commenced this action. The foregoing facts were found by the trial court and were fully supported by the evidence educed at the trial of this action. That the judgment of the trial court based upon such a state of facts was proper and should be sustained requires little if any argument in its support. ██ The right of associations of this character to make and enforce reasonable rules and regulations and by-laws for the government and beautification of places of interment is conceded by the appellants themselves. That such rules and regulations are sufficiently uniform in their operation when they are given equal application to the added portions of such places of interment which come into use as the years of accumulating interments go by would seem to be supported by the nature of things and to be unopposed by any reasoning or

authority to which this court has been referred by the appellants herein. We find no merit in this appeal.

The judgment is affirmed.

Langdon, J., and Shenk, J., concurred.