JAMES MOORE, Appellee, v. JOSEPH SHORT, Appellant.

No. 44853.

NOVEMBER 14, 1939.

Allen Smith, for appellee.

Roy A. Cook, for appellant.

MITCHELL, J.—This appeal arises out of a dispute between two neighbors, in regard to the maintenance of a division line fence, 140 rods in length. For better than forty years the appellant and appellee have owned adjoining farms, and the dispute is due to the fact that Buffalo Creek runs through one end of the fence and that it is harder to maintain that part of the fence than the rest. The amount involved is small, but for some reason or other when a division fence is involved, neighbors of years standing overlook expenses, and it is a fight to the finish.

On the 13th of May, 1938, James Moore filed a complaint with the fence viewers of Middlefield township, in which he stated that there was a controversy between him and Mr. Joe Short in regard to what part of the fence between their lands each should maintain. On the same day the fence viewers proceeded to examine the fence and entered a written order

specifying which part of the fence each of the landowners should maintain. Mr. James Moore was not satisfied and appealed to the district court of Buchanan county. There was a trial to the court, and after listening to the evidence and argument of counsel, the lower court reversed the decision of the fence viewers, and decreed which parties should maintain certain parts of the fence.

John Short has appealed to this court. Counsel on both sides filed briefs, but neither cited a statute or a case.

Code section 1851, 1935 Code is as follows:

''Appeal. An appeal may be taken to the district court from any order or decision of the fence viewers by any person affected, in the same manner appeals are taken from justices of the peace, except that the appeal bond shall be approved by the township clerk, in which event the township clerk after recording the original papers shall file them in the office of the clerk of the district court, certifying them to be such and the clerk shall docket them, entitling the applicant or petitioner as plaintiff, and it shall stand for trial as other cases.''

Thus we find that the legislature provided for an appeal to the district court from the verdict of the fence viewers, in the same manner as appeals are taken from justice of peace courts. The provision concerning the bond is a little different, but the last section in the statute provides that ''it shall stand for trial as other cases''.

Under this statute, the case on appeal is triable as a law action. A jury could be demanded and the question submitted to it for its determination. This was the procedure followed in the case of Smith v. Ellyson, 137 Iowa 391, 115 N. W. 40. In the case at bar, the parties saw fit to waive the jury and submit it to the court and under the well established rules of law, if there is substantial evidence to sustain the verdict, this court will not interfere. No good could be accomplished by setting out the evidence, a careful reading of it shows clearly that there was sufficient evidence to sustain the verdict of the lower court, and it necessarily follows that the judgment of the lower court must be and it is affirmed.—Affirmed.

OLIVER, C. J., and HAMILTON, RICHARDS, HALE, BLISS, SAGER, and MILLER, JJ., concur.