RALPH ELNOR JOHNSON, Appellant, v. CEDAR MEMORIAL PARK CEMETERY ASSOCIATION, Appellee.

No. 46133.

MAY 4, 1943.

J. M. Tallman and George C. Claassen, both of Cedar Rapids, for appellant.

E. A. Johnson and R. S. Milner, both of Cedar Rapids, for appellee.

GARFIELD, C. J.—The principal question presented is whether plaintiff may erect a granite marker at the grave of his wife notwithstanding a rule of defendant cemetery that if any markers are used they must be of bronze.

Upon a former appeal we held the lower court erred in striking paragraphs 1 to 5 of plaintiff's reply to defendant's answer and that plaintiff was entitled to offer proof in support of at least some of the allegations in each of these paragraphs. Johnson v. Cedar Memorial Park Assn., 229 Iowa 749, 295 N. W. 136. Although plaintiff filed an amended reply following that decision, our opinion discloses the general nature of the pleaded issues.

Defendant is an Iowa corporation organized for profit, owning and operating a cemetery of 72.6 acres of the "memorial park" type in Cedar Rapids. Burials in the cemetery commenced in 1929 when the property was owned by a Kansas corporation bearing the same name. The Iowa corporation was later formed and in December 1937, took over the business and assets of its predecessor. The cemetery represents an investment of several hundred thousand dollars. A mausoleum was erected at a cost of about $140,000. Numerous pictures of the cemetery, received in evidence, are before us and indicate it is one of unusual beauty.

Plaintiff's wife died on April 25, 1939. On the same day plaintiff entered into a written contract to purchase from defendant for $220 half a cemetery lot with room for three burials. The contract provided:

"Permanent markers, while not required, are encouraged as a permanent means of identification, and in order to perpetuate the beauty and continuity of the Cemetery only Bronze Markers purchased through this Cemetery Association will be permitted. * * *

"All lots are sold with full perpetual care included in the purchase price and subject to the Rules and Regulations of The Cedar Memorial Park Cemetery Association, as the same are now in force, or * * * hereafter amended and added to."

Mrs. Johnson was buried on this half lot on April 27th.

On May 19, 1939, defendant delivered to plaintiff a deed to his half lot. The deed provided:

"The above conveyance is * * * subject to the rules and regulations of The Cedar Memorial Park Cemetery Association, as the same are now in force, or * * * hereafter amended and added to * * * and the grantee herein in accepting this conveyance binds himself, heirs and assigns to comply with and abide by such rules and regulations."

On January 28, 1935, the Kansas corporation through its stockholders had duly adopted a regulation providing that there would be no monuments in the cemetery; that the surface of grave markers must be level with the surrounding turf; that only bronze markers would be permitted except that markers of light Barre granite with hammered finish and sunken letters would be allowed on lots where such granite markers had been previously installed, "* * * but in no event, will such granite markers be allowed on any burial spaces sold by this Association on or after November 1, 1934. * * * To provide for the future beauty of the Cemetery from uniformity of bronze markers and to safeguard lot owners against inferior quality, only bronze markers purchased from this Association will be permitted."

Following acquisition by defendant of the Kansas corporation, the above regulation and others were on March 31, 1938, adopted by appropriate action of defendant's board of directors. The rule has been in force at all subsequent times.

Notwithstanding the terms of plaintiff's contract and deed and the rule forbidding granite markers, plaintiff on May 20, 1939, contracted with one Anderson, a monument dealer, for a light Barre granite marker which was delivered at the cemetery. Defendant refused to permit its installation at Mrs. Johnson's grave and returned it to Anderson. This suit followed. Defendant contended in the court below, as here, (1) that plaintiff is bound by the rule prohibiting granite markers because of the terms of the contract and deed under which he claims and (2) that the rule is reasonably necessary to promote beauty and uniformity in the cemetery. Plaintiff, however, has claimed throughout that (1) he may attack the rule as unreasonable notwithstanding he took his title subject thereto and (2) the rule

is unreasonable and void. The lower court held against plaintiff on both the above issues and also on other issues tendered by plaintiff.

Upon the trial, defendant offered to permit the removal of Mrs. Johnson's remains and to return to plaintiff the purchase money paid by him upon surrender of his rights of ownership in the ground. Plaintiff refused the offer.

I. We will assume *without deciding* that plaintiff is in position, notwithstanding the terms of his contract and deed, to attack as unreasonable and arbitrary the rule prohibiting the use of granite markers. It is everywhere recognized that cemetery associations have the right to provide by reasonable rules and regulations, of general and uniform operation, for the improvement and adornment of the cemetery and the lots therein. Chariton Cemetery Co. v. Chariton Granite Works, 197 Iowa 403, 406, 197 N. W. 457, 32 A. L. R. 1402; 10 Am. Jur. 509, section 33; 14 C. J. S. 92, 93, section 33. This is conceded by plaintiff. This right is recognized by section 5566, Code, 1939 (section 587, Code, 1897), which provides:

"The trustees, board of directors, or other officers having the custody and control of any cemetery in this state, shall have power, subject to the bylaws and regulations of such cemetery, to inclose, improve, and adorn the ground of such cemetery; * * * to prescribe rules for the improving or adorning the lots therein, or for the erection of monuments or other memorials of the dead upon such lots; and to prohibit any use, division, improvement or adornment of a lot which they may deem improper."

Whether any particular rule is reasonable is a question for the court under the evidence. Here plaintiff had the burden to prove that this rule is unreasonable. Plaintiff has cited the Chariton Cemetery Company case, supra, and several decisions from other jurisdictions where certain rules, unlike that involved here, were held to be unreasonable. Many of these decisions are discussed in the annotation to the Chariton case in 32 A. L. R. 1406, and the later annotation in 47 A. L. R. 70 to Scott v. Lakewood Cemetery Assn., 167 Minn. 223, 208 N. W. 811, 47 A. L. R. 64. Many of the cited cases involve regulations

which were adopted after the purchase of the burial lot owned by the complaining individual. In the Chariton case, apparently the rules were not adopted until after the cemetery had sold the lot against which the rules were sought to be enforced. The distinction is obvious between that class of cases and the present, where the rule is in effect at the time the lot is sold. It is apparent that a rule is more apt to be enforceable if it applies only to lots sold after its adoption. Zimmer v. Congregation Beth Israel, 203 Cal. 203, 263 P. 232; Mansker v. City of Astoria, 100 Or. 435, 198 P. 199, 205, 199 P. 381.

Furthermore, in some of the cases cited by plaintiff a cemetery association attempted to enforce a rule which was in derogation of the rights previously granted by conveyance to the lot owner. This a cemetery association may not do. Steele v. Rosehill Cemetery Co., 370 Ill. 405, 19 N. E. 2d 189; People ex rel. Paxton v. Bloomington Cemetery Assn., 353 Ill. 534, 187 N. E. 455; Wells v. Daniell, 266 Mich. 250, 253 N. W. 285; Silverwood v. Latrobe, 68 Md. 620, 13 A. 161.

We are not prepared to hold that the rule of this cemetery association, insofar as it prohibits granite and requires bronze markers, if any are used, as applied to this plaintiff, is unreasonable and void. Cemeteries of the memorial-park type are creations of very recent years. They differ from the older burial grounds in that flat markers are used that are flush with the ground, instead of monuments and gravestones. The appearance sought is that of a park or garden rather than the more somber impression created by the conventional cemetery. Jackson, Law of Cadavers, 300. Uniformity of style and appearance is important. That some six hundred memorial-park cemeteries have been established in this country within about the last twenty years is evidence of popular approval of the plan. This growth has taken place in spite of the fact that most of these cemeteries are frankly designed and operated for profit making. Id.

No monuments have been erected in defendant's cemetery. Originally only light Barre granite markers laid flush with the surface of the ground were permitted. There is evidence that these granite markers were unsatisfactory in this cemetery. The lettering became filled with dirt, the stones became discolored,

they were hard to keep clean, and were susceptible to chipping. In 1933 defendant started to permit the use of bronze markers. In January 1935, after about five years' experience with granite, the cemetery prohibited its use and required bronze markers, if any were used, on all lots sold after November 1, 1934. There is evidence that bronze is more easily cleaned, the lettering does not fill with dirt, the color harmonizes with the surroundings of this cemetery, and it is not so frequently damaged in mowing the grass. (Defendant did the mowing under its duty of perpetual care.) There is testimony that the use of bronze makes the cemetery more beautiful and uniform and that people prefer it. It is shown that bronze is used exclusively to mark graves in most of the new cemeteries in many larger cities. It also appears that bronze markers are now used in several cemeteries of this type "that started out with granite markers."

No doubt there are honest differences of opinion as to the relative merits of granite and bronze markers. Even though the reasonableness of the rule is open to judicial investigation, we are not required to settle such differences. The defendant had at least some discretion in the making of the rule in question so long as it acted in good faith. An abuse of that discretion has not been shown. Plaintiff concedes that the intent of the cemetery association in passing the rule is important in determining its reasonableness. It has not been shown that the rule was passed because of any improper motive.

The only case of which we know involving a similar rule adopted by a cemetery association of this type is Gasser v. Crown Hill Cemetery Assn., 103 Colo. 175, 84 P. 2d 67. There the rule was upheld. Brennan on Cemetery Rules and Regulations, 135, 136, says there is no question but that a rule allowing only bronze markers "is reasonable if it is applied generally to a section in the cemetery, or to an entire memorial park." Other authorities which tend to support our holding are Zimmer v. Congregation Beth Israel, 203 Cal. 203, 263 P. 232; People v. John Doe, 334 Ill. 555, 166 N. E. 112; Donohue v. Fitzsimmons, 95 N. J. Eq. 125, 122 A. 617; Wetherby v. City of Jackson, 264 Mich. 146, 249 N. W. 484. Our conclusion is not in conflict with any authority that has come to our attention.

II. But, plaintiff argues, the rule prohibiting granite

and requiring bronze markers, if any are used, has not been applied generally and uniformly by defendant. It is also argued that the rule has been waived. It is well recognized that a regulation adopted by a cemetery association must not be applied in an arbitrary or discriminating manner. Rosehill Cemetery Co. v. Hopkinson, 114 Ill. 209, 29 N. E. 685; Pitcairn v. Homewood Cemetery, 229 Pa. St. 18, 77 A. 1105; Mansker v. City of Astoria, 100 Or. 435, 198 P. 199, 199 P. 381; 14 C. J. S. 89, section 30; 10 Am. Jur. 503, 505, section 22, 509, section 33. If the regulation is applied to all who acquire burial space in the cemetery in the same manner, under like circumstances, it does not offend the law. Gasser v. Crown Hill Cemetery Assn., 103 Colo. 175, 84 P. 2d 67, 69.

Plaintiff contends the rule has not been applied generally and uniformly and has been waived because granite markers have been permitted upon lots sold before November 1, 1934. The contention is without merit. It is shown without dispute that no granite markers have been permitted on lots sold after November 1, 1934, which was shortly prior to the adoption of the rule. Upon many of the lots sold before that date, granite markers had already been installed on at least one grave. There was no rule against the use of granite at the time of those installations. The cemetery association could not require the removal of those granite markers against the wishes of the owners by this subsequently adopted rule, at least so long as the markers were in reasonably good condition. Brown v. Hill, 284 Ill. 286, 119 N. E. 977; 10 Am. Jur. 509, 510, section 33; 14 C. J. S. 92, 93, section 33. It was no more than fair to permit the use of other granite markers on those lots. The enforcement of the rule against all lots purchased after it took effect meets the requirement of uniformity, at least as applied to this plaintiff who purchased in 1939.

Incidentally, it appears that only about fifteen per cent of the lots in the cemetery sold before November 1, 1934, have been adorned by granite markers since the adoption of the rule. In other words, of those lot owners who, under the rule, could have used either granite or bronze, about eighty-five per cent used bronze.

III. Plaintiff alleged in his reply to defendant's answer that the rule, insofar as it requires the purchase of bronze markers from defendant, is unenforceable because the sale of markers is not within the powers of the corporation as set out in its articles of incorporation. Plaintiff interposed a similar plea of ultra vires against a rule of defendant that the foundation for a marker must be placed by defendant. Under the circumstances, we do not feel called upon to decide these contentions.

Upon the trial plaintiff took the position that he was entitled to have a granite marker installed and, if not, he did not want one of any other material. We have held that the rule prohibiting the use of granite markers is valid as applied to plaintiff. The rule expressly provides that no markers are required. It is proper to take plaintiff at his word that he prefers no marker to one not made of granite. The validity of other portions of the rules is therefore moot. Plaintiff suggests that because there are two other burial spaces on the half lot purchased by him we should pass on his claim of ultra vires as applied to these two provisions of the rules. However, no controversy has yet developed over the adornment of these other burial spaces, and so long as plaintiff adheres to the position he took upon the trial there will be nothing for us to decide.

IV. Plaintiff also contends that the requirements that bronze markers be purchased from and foundations placed by defendant are void because they are in restraint of trade and create an illegal monopoly both at common law and under section 9915, paragraph 4, Code, 1939. What we have said in the preceding division is equally applicable to this contention.

V. While we have upheld as reasonable the rule insofar as it prohibits the use of granite and requires bronze markers, we refrain from passing on the reasonableness of the requirements that the bronze markers must be purchased from defendant and foundations placed by it. It is doubtful if these provisions are reasonable as against any lot owner who has not agreed to be bound by them and is in position to challenge them.

VI. Plaintiff also argues that defendant has no legal existence because, it is claimed, a corporation organized for

pecuniary profit may not own and operate a cemetery in this state. This contention was not made in the lower court by pleading or otherwise and may not be raised for the first time in this court.

The decree is—Affirmed.

All JUSTICES concur.