## Herb Estate

*J. E. Sugden, Jr.*, for petitioner.

*Daniel B. Dixon*, of *Rose, Eichenauer, Stewart & Rose*, contra.

BOYLE, P. J., March 6, 1950.—The question here is whether ownership of a testatrix's cemetery lot passes to a stranger to her family under the general residuary clause of her will.

Testatrix made her will on January 5, 1943, and died October 7, 1947. She was the owner of a burial lot designated as Lot 65, West Half, Section 12-3, in the Homewood Cemetery of Pittsburgh, Pa. The lot contains five graves of which three have not been used.

The burial lot was not specifically devised. The residuary clause of the will is the following:

*"Fourth:* I give, devise, and bequeath all the rest, residue, and remainder of my estate, of whatsoever kind and wheresoever situate, unto my beloved friend Anna Else Jacob."

The burial·lot was appraised at "Value unknown" in a supplemental inventory and appraisement filed by the executrix. Pursuant to the audit of the first and final account of the executrix a decree of distribution was entered on November 30, 1948, in which there was distributed to Anna Else Jacob, the residuary legatee, "Burial rights . . . Lots 65, West 1/2, Section 12-3 (5 grave lot; 3 graves remaining)" at no value.

On August 17, 1949, the Homewood Cemetery, a corporation, presented its petition for the opening and review of the decree and for further hearing on the question of ownership of the burial lot. It asserts that the burial rights in said cemetery lot do not pass to the residuary legatee under the will and are therefore not properly included in the decree of distribution. The residuary legatee was served by citation with notice of this proceeding. She has elected not to appear. The hearing on the petition was held on September 16, 1949. Decedent's deed for the cemetery lot and the regulations of the Homewood Cemetery Corporation

were offered in evidence as exhibits A and B, respectively.

The material portion of the deed of the Homewood Cemetery for the lot is as follows:

"KNOW ALL MEN BY THESE PRESENTS, that for and in consideration of SEVEN HUNDRED and NO/100 Dollars, paid to it, the receipt whereof is hereby acknowledged, by MRS. ANNA S. HERB Grantee The Homewood Cemetery, a corporation organized under the Laws of the State of Pennsylvania, does hereby bargain, sell, and convey to said Grantee her heirs and assigns the use in fee simple, for the purpose of sepulture alone, of the following described lot of ground, in the said Cemetery, situated in the Fourteenth Ward of the City of Pittsburgh, in the County of Allegheny and State of Pennsylvania, designated as west half Lot No. 65 in Section No. 12 plan 3 On the Map or Plan of said Cemetery, in its possession

"To have and to hold the same subject at all times to the rules and regulations of said Cemetery now or hereafter-adopted for the government of said Cemetery."

The regulations of the Homewood Cemetery, which is a Pennsylvania corporation, provide in part as follows:

"Seventh. All interments in lots shall be restricted to the members of the family and relatives of the proprietors thereof, except special permission of the corporation to the contrary be obtained in writing at the office of the corporation; and no disinterment shall be allowed without permission from the corporation in accordance with the rules in such case made and provided.

"Tenth. Proprietors shall not allow interments to be made in their lots for a remuneration; nor shall any transfer or assignment of any lot, or of any interest therein, be valid, without the consent, in writing of

the corporation first had and indorsed upon such transfer or deed, except transfers to the corporation in the form of a deed of trust or re-conveyance, for the purposes therein mentioned. No division of any lot shall be permitted unless the Board of Managers in their discretion approve the same."

Where owners of lots in the Homewood Cemetery die intestate, the regulations provide as to the heirs to whom ownership of the lot shall descend. The regulations also provide that "The wife of the intestate has the same interest in the lot that she has in other real estate of the intestate; but her interest, so far as the cemetery is concerned, is nominal; she can neither dispose of it, nor order interments to be made therein".

Massachusetts, New York, and some other States have prohibited by statute the devise of a cemetery lot by a residuary clause. There is no legislation on this particular subject in Pennsylvania and there are not many reported cases. In Pitcairn v. The Homewood Cemetery, 229 Pa. 18 (1910), testator was the owner of a cemetery lot in the Homewood Cemetery, subject to regulations similar to those in the present case. He made no specific mention of this lot in his will but it was held to pass to his wife under a general devise which reads as follows:

"I give, devise and bequeath all my estate, real, personal and mixed, whatever found and wheresoever situate, to my beloved wife, Elizabeth E. Pitcairn, absolutely, whom I do hereby nominate, constitute and appoint the executrix hereof."

At page 19 the court said:

". . . surely there can be no doubt that whatever interest Robert Pitcairn had in it passed by his will to Elizabeth E. Pitcairn, his widow."

At page 21 the court said further:

"We hold, therefore, that the estate which Robert Pitcairn took was a fee, restricted as to alienation

generally and as to use, and it is held subject to the rules and regulations contained in the deed and to those which may be adopted in a lawful way: . . ." See also Love v. Robinson, 219 Pa. 469. In the Pitcairn case the devise was to the wife, not a stranger, and the issue was not as to ownership of the lot but as to her right to erect a mausoleum thereon.

In Lichtenwalner's Estate, 33 D. & C. 307 (1938), where the issue was whether the interest of an intestate decedent in cemetery lots passed as realty or personalty the court held that whatever property right decedent had in the lots passed to his heirs at law. The court there cited with approval the rule laid down in 11 C. J. 60, §25, which reads as follows:

"A burial lot is regarded as property in which title may in most cases descend to heirs. It does not pass under a general residuary clause in a will, but descends to the heirs as intestate property. An heir to whom a burial lot descends takes it subject to all the conditions under which the ancestor held it." See also 14 C. J. S. 86, §26.

The weight of authority outside Pennsylvania would prevent a transfer of a cemetery lot by a residuary clause. Although there is no case which specifically passes on this question in Pennsylvania, there was such a transfer in the Pitcairn case, supra, but not to a stranger. The cases in Pennsylvania indicate that all transfers are subject to the regulations laid down by the cemetery. The regulations of the Homewood Cemetery restrict the use of the lots to "members of the family and relatives of the proprietors" and also require the consent of the cemetery corporation to any transfer. Here the cemetery is withholding its consent. In these circumstances title to the cemetery lot of the decedent in the Homewood Cemetery does not pass under the residuary clause of the will to Anna

Else Jacob who is not an heir or a member of the family of the decedent.

Apart from the foregoing discussion and conclusion on the facts of this case, it would appear that the true general rule is that a grant of the right of sepulture to one and his heirs in a cemetery lot amounts to a dedication of the lot to family burial purposes under the regulations of the cemetery. In this sense ownership of burial rights in a cemetery lot is trust property and is thus distinguished from other property of a decedent. As held in a Rhode Island case, Petition of Emeline A. Waldron et al., 26 R. I. 84, 86 (see also 58 Atl. 453) :

". . . a burial lot does not pass under a general residuary devise, but it descends to the heirs as intestate property. It is a family burial lot. It is that fact alone which gives a peculiar limitation to its tenure. The heir takes it subject to all the conditions for which the ancestor held it. A sort of trust attaches to the land for the benefit of the family. Neither the widow nor the child can be excluded from it for want of title, yet such a result might follow if the tenure was like that of other real estate. Children could exclude a widow or a widow could exclude children by virtue of ownership of the land."

The prayer of the petition of the Homewood Cemetery, a corporation, for review of the decree of distribution of November 30, 1948, will be granted. So much of said decree as distributes to Anna Else Jacob, residuary legatee, "Burial rights . . . Lots 65, West 1/2, Section 12-3 (5 grave lot; 3 graves remaining)", will be set aside and vacated.

### Decree

And now, March 6, 1950, so much of the decree of distribution of November 30, 1948, as distributes "To Anna Else Jacob, residuary legatee, Burial Rights

. . . Lots 65, West 1/2, Section 12-3 (5 grave lot; 3 graves remaining)" at no value, is hereby vacated and set aside.

This decree shall become absolute unless exceptions are filed to the same before the expiration of 10 days from the date hereof.