## Brewer Estate

*Phillips, Waggoner, Phillips & Board,* for accountant.

MATTHEWS, P. J., July 9, 1951.—The first and final account of the administrator of the estate of the above-named decedent is before us for audit, confirmation and decree of distribution. . . .

This account includes a cemetery lot of the appraised value of $200. The Fiduciaries Act of April 18, 1949, P. L. 512, requires that all of the real estate of decedent situate in the Commonwealth of Pennsylvania be included in the inventory and appraisement, and counsel, being desirous of complying strictly with the provisions of that act, included the cemetery lot. But the family cemetery lot is not such an asset of the estate of decedent as may be sold by the personal representative or distributed in kind by the court. It passes to the heirs of decedent for the purposes intended and without administration by the personal representative.

"The sentiment of all civilized peoples regards the resting place of the dead as hallowed ground, and requires that in some respects it be not treated as subject to the laws of ordinary property. It follows that an interest in a burial lot is of a somewhat peculiar nature": 10 Am. Jur., Cemeteries, §22.

"A burial lot is regarded as property in which title may in most cases descend to heirs. It does not pass under a general residuary clause in a will, but descends to the heirs as intestate property. An heir to whom a burial lot descends takes it subject to all the conditions under which the ancestor held it": 11 C. J. 60, §25.

We do not have before us the deed to decedent for the cemetery lot here involved and, therefore, we do not know whether he took a fee simple title with certain restrictions or merely a license or right of sepulture only. However, we are of the opinion that it makes no difference and that whatever title or interest decedent possessed passed to his heirs, unaffected by the will. We find no specific authority in Pennsylvania holding that a cemetery lot does not pass under a residuary clause of a will but the weight of authority in other jurisdictions is clearly to that effect. The Pennsylvania case of Pitcairn v. The Homewood Cemetery, 229 Pa. 18, seems to indicate that title does pass under the residuary clause, but the question raised in that case was not in regard to the title but as to the right of the widow, as sole devisee, to erect a mausoleum. A leading case on the subject is In re Waldron, et al. 26 R. I. 84, 58 Atl. 453, wherein the court said:

". . . a burial lot does not pass under a general residuary devise, but it descends to the heirs as intestate property. It is a family burial lot. It is that fact alone which gives a peculiar limitation to its tenure. The heir takes it subject to all the conditions for which the ancestor held it. A sort of trust attaches to the land for the benefit of the family. Neither the widow nor the child can be excluded from it for want of title, yet such a result might follow if the tenure was like that of other real estate. Children could exclude a widow or a widow could exclude children by virtue of ownership of the land."

In Love v. Robinson, 219 Pa. 469, it was held that heirs have no right to partition a cemetery lot. It would destroy the purpose for which it was intended.

We hold that a cemetery lot should not be included in the inventory and appraisement of a decedent's estate and that it is not an asset requiring administration by the personal representative. See Lichtenwalner's Estate, 33 D. & C. 307; Herb Estate, 70 D. & C. 598.