William **HENNINGS** and Yvonne Kuch, Plaintiffs–Appellees,

v.

Don A. **CALLAHAN**, Dale Seeck, Richard Silhanek, Trustees of Homer Township, Benton County, Iowa, Defendants–Appellants.

No. 03–0586.

Court of Appeals of Iowa.

July 14, 2004.

David Thompson, Vinton, for appellant.

Anders Norgaard, Belle Plaine, for appellee.

Heard by SACKETT, C.J., and HUITINK and MILLER, JJ.

SACKETT, C.J.

Defendants-appellants Trustees of Homer Township, Benton County, Iowa, appeal the ruling of the trial court reversing their decision to permit the placement of a memorial stone in the Kirchner Cemetery. On appeal defendants claim the trial court erred in ordering the removal of the memorial stone, as it is the role of the trustees, not the role of the district court, to make such decisions. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEEDINGS

The Kirchner Cemetery is maintained, controlled and presumably owned by defendant trustees. This case involves an area in the cemetery where William and Anna Hennings, who died in 1877 and 1902, respectively, are buried. Headstones mark William's and Anna's graves, and the area, apparently large enough for more than two graves, is surrounded by a wrought-iron fence which appears to be of

the same vintage as the headstones. No other persons have been buried in the fenced area, and prior to the placement of the memorial stone now at issue, only the headstones of William and Anna were in the fenced area.

In 2000 the children of Lloyd Hennings, a great-grandson of William and Anna, put a memorial stone honoring Lloyd and his wife, Helen, in an open space inside the fenced area between the headstones of William and Anna. Neither Lloyd, who died in 1984, nor his wife, Helen, who died in 2000, is buried beneath the memorial stone.

Other descendants of William and Anna Hennings objected to the placement of the memorial stone and appealed to the Homer Township trustees. The trustees, who have maintained and controlled the cemetery for at least the past fifty years, held a hearing at the grave site on October 13, 2001. Approximately twenty descendants of William and Anna Hennings were present, most of whom were descendants of Lloyd and Helen Hennings. Of those present, all but two [1] favored the continued placement of the memorial stone where it was. There was testimony by one trustee that he found it persuasive that such a large majority of those present were in favor of leaving the memorial stone where it was. On November 20, 2001 the trustees determined by a two-to-one vote, that the memorial stone could remain within the fenced area.

The trustees based their decision partly on statements by Lloyd's family at the hearing that Lloyd and his brothers had agreed many years before his death, while fixing William and Anna Hennings's headstone, that Lloyd would have a memorial stone in the fenced area. These statements were excluded as hearsay at trial. Beverly Parizek, a daughter of Lloyd and Helen, testified at trial that she and her siblings asked the permission of Lloyd's brother, Ervin, and sister, Pearl, to put the memo-

---

1. There was testimony these two were Yvonne and her lawyer.

rial stone in the fenced area. Lloyd's brother, Willis, was apparently no longer living at the time. Parizek testified Ervin and Pearl agreed.

Testimony to the contrary came from Ervin's son, William Hennings. He said that Ervin did not believe Lloyd's and Helen's memorial stone should be in the fenced area. Todd Hennings similarly testified to Ervin's wish that the stone not be placed in the fenced area.

## II. SCOPE OF REVIEW

This case was tried at law. In their written briefs, both parties cite *Waterhouse v. Iowa Dist. Ct.,* 593 N.W.2d 141, 142 (Iowa 1999) and contend our scope of review is at law because we are reviewing a decision rendered by the district court in its appellate capacity.

## III. ANALYSIS

The question this case presents is whether the district court erred in overturning the decision of the township trustees which permitted the placement of the memorial stone. The trustees argue Iowa Code sections 359.31, 359.32, and 359.37 (2001) vested in them the power to make the decision as to the placement of the memorial stone.

Iowa Code section 359.31 provides,

[Township trustees] shall control any such cemeteries, or appoint trustees for the same, or sell the same to any private corporation for cemetery purposes.

Iowa Code section 359.32 provides, in relevant part,

[Township trustees] shall have authority to provide for the sale of lots or portions thereof, in any cemetery under their control, and make rules in regard thereto, and may provide for perpetual upkeep by the establishment of a perpetual upkeep fund from the proceeds of sale of lots . . . .

Iowa Code section 359.37 provides, in relevant part,

The trustees, board of directors, or other officers having the custody and control of any cemetery in this state, shall have power, subject to the bylaws and regulations of such cemetery, to enclose, improve, and adorn the ground of such cemetery; to construct avenues in the same; to erect proper buildings for the use of said cemetery; to prescribe rules for the improving or adorning the lots therein, or for the erection of monuments or other memorials of the dead upon such lots; and to prohibit any use, division, improvement or adornment of a lot which they may deem improper.

The trustees argue these statutes make them the sole decision-making authority over the cemetery and expressly give them the power to make all determinations as to improvements, adornments, and erections of monuments in the cemetery lots. The trustees argue that the memorial stone placed by the Lloyd Hennings family qualifies as an "improvement," "adornment" or "erection of a monument" on the William and Anna Hennings plot. Consequently, under section 359.37, all decisions regarding such acts are theirs to make.

In response appellees argue that the decision of the trustees was contrary to *Hassenclever v. Romkey,* 133 Iowa 470, 110 N.W. 905 (1907), which dealt with a boundary dispute in a cemetery. In that case the Iowa Supreme Court stated,

It is to be noted that neither party has any title, in the usual sense of that word, to their respective burial lots. As members of the public they have the right of burial there, and that right doubtless carries with it the right to protect and care for the graves of their dead and to prevent intrusion or trespass thereon.

*Hassenclever*, 133 Iowa at 473, 110 N.W. at 906. Appellees use the above language to support their position and the district court's decision that the ancestral Hennings plot should not be disturbed. In *Hassenclever*, 133 Iowa at 474, 110 N.W. at 907, the court held that the decision of township trustees as to a particular cemetery boundary dispute was not controlling. This decision, however, was due to the trustees' failure to issue proper notice prior to their order, *not* because cemetery boundary disputes were outside the jurisdiction of the trustees. *Hassenclever*, 133 Iowa at 474, 110 N.W. at 907. In fact, absent faulty notice, the court's reasoning in *Hassenclever* endorses the trustees' argument that grave-specific decisions are within their discretion. *See id.* Furthermore, unlike in *Hassenclever* where the issue was intrusion or trespass on a grave, this case involves only the placement of a monument in a cemetery.

Plaintiffs bear the burden to show the decision of the trustees is unreasonable and an abuse of discretion. *See Johnson v. Cedar Memorial Park Cemetery Ass'n*, 233 Iowa 427, 430–32, 9 N.W.2d 385, 388–89 (1943) (holding, in interpreting section 5566 (1939) (current section 359.37), that a plaintiff challenging a rule issued by one having custody or control over a cemetery had the burden to show the rule was unreasonable, and noting that one having custody or control over a cemetery who was acting in good faith was entitled to "at least some discretion").[2]

The district court's decision overturning the trustees' decision did not find the trustees' decision to be unreasonable or an abuse of discretion. Rather, the court based its decision on *Hassenclever* as well as factual findings that (1) the Kirchner Cemetery is not short of space; (2) no family member who objected to the current placement of the memorial stone objected to its placement just outside the plot; (3) no other Hennings descendants were buried in the plot; and (4) the family could not agree.

As stated earlier, *Hassenclever* does not support overturning the trustees' decision if they follow proper procedure in making their decision. There is no showing in this case the trustees did not follow proper procedure. Further, the court made no factual finding that the trustees' opinion, which was based on the fact that Lloyd's siblings had agreed to the placement of the memorial stone in the plot, was not supported by credible evidence. Indeed there was testimony at trial both that Lloyd's living siblings had agreed to the placement of the stone and also that they had not. There further was no factual finding by the district court that the stone was not tastefully positioned. Although it is arguable that a more representative sample of the extended Hennings family was present at trial than at the hearing, the district court made no finding that either of the bases upon which the trustees made their decision was unreasonable or arbitrary, nor do we find this was so. Consequently, we affirm the trustees' decision and re-

---

**2.** The trustees also claim, citing *Moore v. Short*, 227 Iowa 380, 381, 288 N.W. 407, 408 (1939) the discretion afforded them in their cemetery duties is similar to that afforded them in fence viewing cases, specifically that a trustee's ruling cannot be set aside absent a showing it is not reasonably or substantially supported by sufficient evidence. Although *Moore* in fact stands for the proposition that a

decision of the *district court*, not of the trustees, cannot be set aside without a showing it is not supported by sufficient evidence, we do not look to *Moore* as authority in this case. *See Moore*, 227 Iowa at 381, 288 N.W. at 408. The Iowa Code provides for special proceedings for purposes of appeal in fence viewing cases, but not in cemetery cases.

verse the district court. *See Johnson,* 233 Iowa at 430–32, 9 N.W.2d at 388–89.

While the trustees considered the opinions of the Hennings family, those opinions were in no way binding on them. Rather, the decision as to the placement of the memorial marker, as long as it was neither unreasonable nor arbitrary, was the sole decision of the trustees, who held ownership and control of the cemetery and the unused burial plots.[3] *Id.* at 428–30, 9 N.W.2d at 387–88. Further, the trustees in this case are not attempting to do something in derogation of rights previously granted by a conveyance to a lot owner. *Id.* at 431, 9 N.W.2d at 388 (stating a cemetery may not attempt to enforce a rule which was in derogation of the rights previously granted by conveyance to the lot owner). Though the area at issue in this case has been referred to as the Hennings' family plot, there is no showing of any ownership interest in any Hennings family member or right given to a family member to the open space where the memorial stone was placed.

We affirm the trustees and reverse the district court, and we remand for further orders consistent with this opinion.

**REVERSED AND REMANDED.**

---

3. There is no evidence the marker covers the burial plot of any deceased person, so any question of intrusion or trespass on a grave is not an issue.