THE STATE, EX REL. HINKLEY, v. MARTLAND ET AL.

| 71 | 543 |
| 137 | 394 |

1. **Intoxicating Liquors:** FAILURE TO MAKE RETURN OF SALES: PENALTY: WHO MAY SUE FOR. Under § 1538 of the Code, any citizen of the county may maintain an action in the name of the state, on the bond of one authorized to sell intoxicating liquors, for the penalty for failure to make report of sales. The authority given by § 1532 to the district attorney to bring such action is not exclusive.

2. **Appeal:** WAIVER BY SATISFYING JUDGMENT. One whose action has been dismissed does not waive his right to appeal by paying to the clerk on demand, his fees in the case.

*Appeal from Plymouth Circuit Court.*

SATURDAY, MARCH 19.

THIS is an action upon a bond given by the defendants for a permit to sell intoxicating liquors. The petition was dismissed upon the motion of defendants. The plaintiff appeals.

*Zink & Gosselin* and *Cole, McVey & Clark,* for appellant.

*Curtis & Durley,* for appellees.

ROTHROCK, J.—It is averred in the petition that the defendants obtained from the board of supervisors of Plymouth county a permit to sell intoxicating liquors, and gave the bond required by law, and that, for the month of July, 1884, they failed. neglected and refused to file the reports required by the statute. The relator, a citizen of Plymouth county,

*1. INTOXICATING liquors: failure to make return of sales: penalty: who may sue for.*

claims to sue in behalf of himself, as well as for the benefit of the school fund, and he demands judgment for the county, for the use of the school fund, for $50, and judgment for himself for a like amount.   The action is founded upon section 1538 of the Code, as amended by chapter 143, Acts of the Twentieth General Assembly, and which is as follows: "Any person having such permit, who shall sell intoxicating liquors at a greater profit than is herein allowed, shall be liable to treble damages, to be recovered by civil action in favor of the party injured; and any person holding a permit, either to manufacture or sell, who shall fail to make monthly returns as herein required, or within five days thereafter, or who shall make false returns, shall forfeit for each offense the sum of one hundred dollars, to be recovered in the name of the state of Iowa, upon the relation of any citizen of the county, by civil action on his bond, with costs; and one-half of the sum recovered shall go to the informer, and one-half shall go to the school fund of the county."

The defendants claimed, by their motion to dismiss, that the plaintiff was not authorized by law to maintain the action upon his own motion, and that an action can only be brought at the instance of the district attorney of the proper judicial district.   They rely upon section 1532 of the Code, which is as follows:  "The bond shall be deposited with the county auditor, and suit shall be brought thereon at any time by the district attorney, in case the conditions thereof, or any of them, shall be broken.   The principal and sureties therein shall also be jointly and severally liable for all civil damages, costs and judgments that may be obtained against the principal in any civil action brought by a wife, child, parent, guardian, or other person, under the provisions of sections fifteen hundred and fifty-six, fifteen hundred and fifty-seven, and fifteen hundred and fifty-eight, of this chapter.   All other moneys collected on such bonds shall go to the school fund of the county."

We think that the position of counsel for the defendants

MARCH TERM, 1887. 545

The State, ex rel. Hinkley, v. Martland et al.

cannot be sustained. Section 1538 plainly authorizes a suit to be brought in the name of the state, on *the relation of any citizen of the county.* It is true that section 1532 has not been repealed, and a district or county attorney may, under the authority given by that statute, bring the action. But, since the enactment of section 1538, his right to do so is not exclusive, because any citizen of the county may bring the action, and prosecute it, without the aid of the district attorney. This appears to us to be so plain as to require no more than this mere reference to the two sections of the statute. All of the discussion of counsel upon other provisions of the statute does not appear to us to have any bearing upon the proper construction of these two sections.

II. A motion was submitted to us demanding the dismissal of the appeal, upon the ground that the plaintiff performed the judgment of the court below by paying the costs of the action, and therefore he has no right to prosecute the appeal. The facts are that, after the motion to dismiss was sustained, the clerk of the circuit court demanded of plaintiff's counsel a payment of seventy-five cents as clerk's fees. That amount was paid to him. It is scarcely necessary to say that the mere payment of the fees of an officer for his services in the action does not estop the unsuccessful party from prosecuting an appeal in this court.

2. APPEAL: waiver by satisfying judgment.

For the error in sustaining the motion to dismiss the action the judgment will be

REVERSED.