488          SUPREME COURT OF IOWA,

The State, ex rel. McDonald, v. De Kruif et al.

---

THE STATE, EX REL. McDONALD, v. DE KRUIF ET AL. (TWO
cases.)

THE SAME v. ELLIS & SLATTERLY ET AL.

THE SAME v. WING & BECKWITH.

THE SAME v. COAD ET AL.

THE SAME v. CHRISTAINY ET AL.

THE SAME v. LELAND ET AL.

THE SAME v. KELLY & CO. ET AL.

1. **Intoxicating Liquors:** ACTIONS FOR PENALTIES ON BONDS OF PER-
SONS HOLDING PERMITS: MOTION TO DISMISS: NUMEROUS GROUNDS
CONSIDERED. Actions by a citizen, as relator, to recover upon bonds of
persons holding permits to sell intoxicating liquors, for penalties incur-
red by a violation of the law. Motions to dismiss, and to strike the
petitions from the files, were made, based on numerous grounds not set
out in the opinion; but *held* that some of these grounds, questioning
the right of a private citizen to maintain such actions, were not well
taken; following *State v. Martland*, 71 Iowa, 543, and that others of
them, while they might be good on demurrer or answer, were not good
as grounds for dismissing the actions or striking the petitions from the
files.

The State, ex rel. McDonald, v. De Kruif et al.

*Appeal from Sioux Circuit Court*—HON. D. D. McCALLUM, *Judge.*

SATURDAY, OCTOBER 8.

*Zink & Gosselin*, and *Cole, McVey & Clark*, for appellant.

*Burke & Hewitt, Wm. Hutchinson, Argo & McDuffie*, and *W. H. Palmer*, for appellees.

*Per curium.* These cases involve substantially the same question as the case of *State, ex rel. Hinkley, v. Martland*, 71 Iowa, 543. Counsel for appellee claim that there are other questions in these cases, and they filed additional abstracts in which they show that there were other grounds of the motion to dismiss than those set out in appellant's abstract. They urge that as no errors are assigned on these other grounds, the appeal cannot be entertained because it will be presumed that the circuit court based its decision upon some ground not assigned as error.

Whatever the rule may be ordinarily as to the necessity of assigning errors on all the grounds of a motion, we need not now determine, because these additional grounds of the motion do not appear to us to be proper by way of demurrer or answer. They are not proper as grounds of a motion to dismiss.

Following the case above cited, the judgment of dismissal in these cases will be

REVERSED.