ANNA B. SMITH, Appellant, v. ED. ELLYSON, Appellee.

**Appeal:** PAYMENT OF COSTS: EFFECT. Payment of a party's own witness fees by a stranger to the suit, or by the party himself pursuant to an order of court, will not preclude an appeal from the order; as the same were a debt due and payment was not a submission to the order.

**Division fences:** PARTITION: EVIDENCE ON APPEAL: HARMLESS ERROR. On appeal to the district court from the action of fence viewers, the complaint filed with the trustees and their report thereon are not properly admissible, but the error of their admission may be cured by instructions properly limiting a consideration of the same; especially where the court modified the verdict in disregard of such evidence.

**Same:** EVIDENCE: INSTRUCTIONS. Admission of evidence as to who originally built different portions of a division fence was not reversible error, where the court submitted the same on the theory that it was immaterial and instructed that the jury should make a proper finding as to the part each should maintain; and a recital by the court of the proceedings before the fence viewers, which made no reference to their finding, was not erroneous.

**Verdict:** SUFFICIENCY OF EVIDENCE: REVIEW. Where the court modifies a verdict making a partition of a division fence the case on appeal, as to sufficiency of evidence, stands as if the verdict had been in accordance with the order of the court.

**New trial:** MODIFICATION OF VERDICT: EVIDENCE. The court has authority to require a party to submit to a modification of the verdict making partition of a division fence, or to a new trial, when warranted by the evidence. Evidence held to sustain the order of court.

APPEAL: COSTS. When the party appealing to the district court from the order of fence viewers is successful in having the order set aside, and an apportionment of the fence as contended for, he is entitled to his costs of the appeal.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

MONDAY, FEBRUARY 17, 1908.

THIS is an appeal from the action of the district court on an appeal to that court from an action of the fence viewers of a proper township in assigning to the respective parties the parcels of a partition fence which each should maintain. *Reversed* in part, and *remanded* in part.

*Baker, Ball & Ball,* for appellant.

*A. E. Maine* and *Henry Negus,* for appellee.

DEEMER, J.— Plaintiff and defendant are the owners of adjoining tracts of land between which there is a division fence, one half of which was constructed by plaintiff's grantors and the other half by the grantors of defendant A controversy having arisen as to how much of said division fence should be maintained by each, plaintiff filed a complaint with the township trustees and fence viewers of her township, asking that defendant be required to maintain more than one-half the fence. The fence viewers heard the complaint, and ordered that each should maintain one-half of the one hundred and sixty rods of fence between their respective lands. Plaintiff then appealed to the district court, where the matter was heard before a jury, resulting in a verdict corresponding with the finding of the fence viewers. Plaintiff thereupon filed a motion for a new trial, and when this was submitted the trial court made the following order: " Plaintiff's motion for new trial is overruled upon the condition that defendant file in the office of the clerk by 12 m.

o'clock of December 26, 1906, consent that the verdict may be modified so as to give plaintiff the east seventy rods of said line of fence in controversy for maintenance, and defendant the west ninety rods of said line of fence for maintenance, and consenting that costs be taxed as follows:   Defendant to pay his witness fees and one-half of the costs made before the trustee; plaintiff to pay balance of all costs." This election was filed by defendant: " Comes now Ed. Ellyson, defendant in the above-entitled cause of action, and hereby files this as his acceptance of the modification of the verdict as provided by the ruling on the motion to set aside the verdict dated December 22d, 1906, and hereby consents that judgment and decree may be entered against the said Ed. Ellyson, defendant herein, in conformity with the terms and provisions set forth in said modification of said verdict, and so made by the judge of the district court of Johnson county, Iowa.   Ed. Ellyson, Defendant."   The following order was thereafter duly entered:   " The defendant, having on December 24th, 1906, filed an acceptance of the ruling on motion to set aside verdict and for new trial, and consented thereto, it is ordered that plaintiff maintain the east seventy rods of the line of fence in controversy and that defendant maintain the west ninety rods of said line of fence.   It is ordered that costs be taxed as follows:   The costs of plaintiff's witnesses be taxed to plaintiff; the costs of defendant's witnesses be taxed to defendant; that one-half of the costs made on the hearing before the trustees be taxed to each party; that the balance of all costs be taxed to plaintiff, and judgment entered therefor.   Exception saved."   After this order was made, Robert Smith paid to the clerk of the courts the sum of $19.85 to apply on plaintiff's witness fees.   Some of these witnesses receipted for their fees, and the balance is in the hands of the clerk of the courts.

Appellee says that the appeal should be dismissed because of this payment.   To this there are at least two answers:   So far as shown, the payment was made by an inter-

loper. No connection is shown between Robert Smith and

**1. APPEAL:**
**payment of**
**costs: effect.**

plaintiff. Again, even if paid by or for plaintiff, the case should not be dismissed. The money was due the witnesses as they were subpœnaed by plaintiff, and in paying them plaintiff did not submit to the final order. She was merely paying her debt. *State v. Martland,* 71 Iowa, 543; *Tiffany v. Tiffany,* 84 Iowa, 122.

Defendant offered in evidence the complaint filed with the trustees, and their report with reference thereto. Objection thereto was overruled. The objection to the report

**2. DIVISION**
**FENCES: par-**
**tition: evi-**
**dence on**
**appeal: harm-**
**less error.**

should have been sustained. But the trial court gave the following instruction with reference thereto: " The court permitted to be introduced in evidence the finding of the trustees in dividing said line of fence; you are instructed that said evidence is not to be considered by you that the same is necessarily a proper division of the fence, and you are not bound to follow the same in your finding, nor to give to the same any weight, only in so far as it meets with your approval, as a fair and equitable division of the fence under the law and evidence in this case." This was followed by another instruction reading: " So you see, the sole question for your determination is as to what would be a fair and equitable division of said line of fence between said parties so as to cast upon each in the future an equal amount of cost, expense and trouble in maintaining his share; you will determine this from a fair preponderance of the evidence in the case, considering all of the evidence introduced bearing upon the probable cost of maintenance at the different points along said fence line." We are of opinion that these instructions cured any error there may have been in the introduction of the testimony. But however this may be, the trial court took the matter in its own hands after the verdict had been returned, and, if its action was warranted, no complaint may justly be made either of the introduction of the evidence or of the instructions.

Testimony as to who built the different portions of the fence was admitted, over plaintiff's objections. There was no error in this of which plaintiff may complain. It was a part of the history of the case, and the trial court submitted the controversy on the theory that it made no difference as to who built the fence; that it was for the jury to make a proper finding as to the part each should maintain. The trial court recited the proceedings before the fence viewers in stating the case to the jury. In this there was manifestly no error, as it made no reference to the finding of the fence viewers save in the instruction quoted.

3. SAME:
evidence:
instructions.

It is argued that the verdict is not supported by the evidence. As it was modified by the trial court and practically set aside, there is no occasion to consider this matter farther than to say that the controlling question here will be, Was the court justified in making the order that it did upon the testimony adduced? The case stands as if a verdict had been returned in accordance with the order of the trial court.

4. VERDICT:
sufficiency
of evidence:
review.

Next, it is argued that the order of the trial court was improper, and that a new trial should have been granted. That it had authority to make an order of this character, notwithstanding the verdict for the other party, is held in *Brockman v. Berryhill,* 16 Iowa, 183, decided under a statute reading as does section 3763 of the present Code. But it is said that there is no justification in the testimony for such an order. This is purely a question of fact. It is true that the fence which plaintiff's grantors built crossed a creek at three different places, and that this fence washed out by floods; but it is also shown that a swinging gate or fence could be constructed which would not wash out. It was also shown that the fences which washed out were cheaply, poorly, and inadequately constructed. Plaintiff's part of the fence was on high ground, but it had reached that age when repairs

5. NEW TRIAL:
modification
of verdict:
evidence.

were necessary. In view of all the testimony, we are inclined to the opinion that the order of the trial court was fair and equitable, and should not be disturbed save as to the matter of costs.

Many of the errors complained of were obviated by the order of the trial court, for the verdict was in effect disregarded and a new order made in accordance with the testimony which defendant elected to accept.

6. APPEAL:
costs.

There was no authority for charging any part of the costs to the plaintiff, and plaintiff at no time acquiesced therein. Plaintiff was finally successful in having the order of the fence viewers set aside and in securing that which she claimed, to-wit, another disposition of the matter. She was not asking that the entire fence be maintained by defendant, but that he bear some other part than the expense of the maintenance of the half thereof erected by his grantors. In this she was successful on her appeal, and the entire cost should have been taxed to defendant, or apportioned between the parties. In this respect the court was in error. The case should be remanded for a judgment against the defendant for one-half costs made before the fence viewers and all the costs in the district court. Otherwise the judgment will be affirmed. Each party will pay one-half of the costs of this appeal.

*Reversed* in part, and *remanded* in part.