D. W. BATES, Superintendent of Banking, Receiver of Nichols Savings Bank, Appellant, v. T. B. NICHOLS et al., Appellees.

No. 43883.

JUNE 15, 1937.

REHEARING DENIED OCTOBER 1, 1937.

Lehan T. Ryan, for appellant.

J. G. Kammerer, G. Allbee, E. R. Tipton, R. G. Tipton, and Tipton, Nichols & Tipton, for appellees.

PARSONS, J.—On the first day of May, 1924, an agreement was entered into by the defendants T. B. Nichols, Henry Brug-

man, B. F. Swickard and P. F. Ryan, and three other parties, all interested in the Nichols Savings Bank of Nichols, Muscatine County, Iowa, wherein the above named parties guaranteed payment on or before two years from date of certain bills receivable and any renewals of the same, and provided that the guaranty should continue in full force and effect until the bills receivable and renewals thereof had been fully converted into cash, or charged from the assets of. the corporation, with the approval of superintendent of banking.

D. W. Bates, superintendent of banking, on June 25, 1936, filed an amended and substituted petition at law in the district court of that county, against the defendants, claiming generally that certain of the notes guaranteed were still outstanding, and had not been fully converted into cash or charged off the assets of the corporation with the approval of the superintendent of banking.

The defendants filed a demurrer to this pleading, based on six grounds, unnecessary for the purposes of this opinion to be set out, and on the 28th day of March, after a hearing, the court sustained the demurrer and entered a ruling to that effect, reserving an exception to the plaintiff.

On the 18th day of April, 1936, default was entered by the court against plaintiff for costs, and was journalized and spread of record in the office of the clerk of that court. The plaintiff-appellant subsequently served notice of appeal from the order of the court and ruling on the demurrer, and the ruling wherein default and judgment were entered for failure to plead over, and against the plaintiff for costs.

So much appears from the abstract. On April 23, 1937, the defendants-appellees filed a motion to dismiss the appeal. That motion was, in brief, ''For the reason that the judgment in- said Cause was paid in full by plaintiff-appellant on the 29th of April, 1936, and that no Notice of Appeal was given in this cause until the 7th day of July, 1936; and that it was a voluntary and affirmative payment by the plaintiff-appellant herein and execution was never at any time issued on said judgment.''

It appears from the showing that the judgment was entered against appellant on the 18th day of April, 1936, and was in the following language:

''Now on this day default is hereby entered against plain-

tiff for failure to plead over after ruling on Demurrer and judgment is hereby entered for Defendants against Plaintiff for the costs of this action taxed in the sum of $18.25.'' This judgment was entered by the court and included in it was the finding that made these costs a part of the judgment. Ainley v. American M. F. Ins. Co., 113 Iowa 709, 84 N. W. 504.

It also appears in the showing that on April 29, 1936, D. W. Bates, superintendent of banking, and receiver of the Nichols Savings Bank of Nichols, Iowa, paid to the clerk of that court the sum of $18.25, ''in full payment of the judgment for costs, and same is hereby fully settled and cancelled of record.''

The question raised by the motion is as to whether or not this payment of the costs, i. e., the judgment entered against the plaintiff, being paid by the plaintiff voluntarily without any execution having been issued, precludes the plaintiff from now going on with this appeal.

 It will be observed that the judgment had been paid by the appellant prior to the service of the notice of appeal. The rule in reference to such matters varies in different courts of last resort in the several states of the Union. We feel we are bound by whatever the Supreme Court of Iowa has decided in these matters. The rule in this state seems to be that voluntary payment of a judgment by one against whom judgment is entered, precludes an appeal, and we think this rule is settled against the appellant herein, and that it is supported by the following authorities: Borgalthous v. Farmers & Merchants Ins. Co., 36 Iowa 250; Hintrager v. Mahoney, 78 Iowa 537, 43 N. W. 522, 6 L. R. A. 50; Independent Dist. of Altoona v. Dist. Twp. of Delaware, 44 Iowa 201; Bruner v. Myers, 203 Iowa 570, 213 N. W. 217; Arnold v. Wapello County, 154 Iowa 111, 134 N. W. 546; Isaacson v. Mason Motor Co. (Iowa), 157 N. W. 891; Plover Merc. Co. v. Peterson (Iowa), 111 N. W. 944; and Shorthill Co. v. Des Moines Dept. Store Co. (Iowa), 151 N. W. 65. These last three cases were per curiam opinions, and not reported in State Reports.

In the Borgalthous case it was held that a garnishee who voluntarily pays a judgment rendered against him cannot afterward appeal. Neither can a person who was not a party to the proceeding, and took no steps to make himself such. The court in this case said:

"Neither can the garnishee, Leedham, be heard to deny in this court the correctness of the judgment. By submitting thereto and discharging it by voluntary payment, he waived all errors that may have existed in the record. It would be a practice resulting in hardship, abuse and inconvenience to permit parties to appeal after fully performing the orders and judgments of the court. By the act of payment and performance they are estopped to deny the sufficiency of the adjudication against them." And the opinion further says: "A failure to object or except to a judgment operates as an assent to its correctness—a waiver of errors. * * * A performance is certainly an act of assent or waiver of errors, more emphatic and expressive. It has been ruled by this court that a party cannot accept the benefit of an adjudication, and yet, alleging it to be erroneous, appeal therefrom. * * * The obvious reason of this decision is, that the party's act estops him from objecting to the judgment, having acquiesced in its performance or discharge by the other party. The same principle will cut off the right of a party defendant, after paying a judgment, to appeal therefrom."

The Hintrager case concerned a redemption from tax sale. Application was made to the proper officer to loan the amount necessary to redeem, and being told the amount he paid it and took certificate. It was held that the redemption was valid, and subsequently deed issued to the purchaser was void.

In the Independent District of Altoona case it was held that if the party recovering the judgment accepted the amount thereof, he cannot afterward appeal.

In the Bruner case it was held that an appeal from an order requiring plaintiff to bring in certain parties as additional defendants is not maintainable when the record shows that the appellant has complied with the order.

In the Arnold case there was an action of mandamus to install, under the soldier's preference law, an honorably discharged soldier of the Civil War, as janitor of the courthouse at Ottumwa. In that case the judgment had been performed by one of the parties, and it was hence held there was nothing on which to base an appeal of the appellant because the costs were taxed to him.

There are cases cited from other jurisdictions, which we do

not cite for the reason that the rule has been well established in Iowa that where one pays a judgment voluntarily against himself, he cannot subsequently appeal the case. That this payment was voluntary there is no question. No execution has been issued on the judgment. It is true that in the counter showing against the motion to dismiss that, it is set forth by way of argument that the costs in the case were nominal, that the appellant is receiver of closed banks, and that a judgment against him appears against every piece of real estate he desires to sell, and that he often pays the costs as they are less than a premium would be on a bond, and thus conserve the assets of the trust fund.

A judgment in Muscatine county not transcripted to any other county, would not be a lien upon any land other than in Muscatine county. When the receiver acts in matters such as this he acts for some particular bank that is defunct. He is appointed by the court as receiver. True, it has to be the superintendent of banking, but he sues as receiver of a particular bank. A judgment against him as receiver in such cases would not be a lien upon land in any other county, other than the county in which it was rendered, or to which it was transcripted, and further, it would not be a lien on any land held by him as receiver of some other bank. There is no showing in this record, not even an assertion by way of argument, that the Nichols Savings Bank had, or owned, any real estate whatever in Muscatine county.

In the case of Smith v. Ellyson, 137 Iowa 391, 115 N. W. 40, the court merely held payment of a party's own witness fees by a stranger to the suit, or by the party himself pursuant to an order of court, will not preclude an appeal from the order; as the same were a debt due and payment was not a submission to the order.

There is also cited the case of State ex rel. Hinkley v. Martland, 71 Iowa 543, 545, 32 N. W. 485, 486. The court in that case says, in passing on a motion to dismiss:

"The facts are that, after the motion to dismiss was sustained, the clerk of the circuit court demanded of plaintiff's counsel a payment of seventy-five cents as clerk's fees. That amount was paid to him. It is scarcely necessary to say that the mere payment of the fees of an officer for his services in

an action does not estop the unsuccessful party from prosecuting an appeal to this court.''

The appellant also cites Boone v. Boone, 160 Iowa 284, 286, 137 N. W. 1059, 1060, 141 N. W. 938, a partition case. The appellee filed motion to dismiss on the ground that since the rendition of the judgment the plaintiff had voluntarily complied therewith by paying and discharging the judgment against him. The transcript of the record showed that John W. Boone paid to the clerk the sum of $156.45, ''in full satisfaction of this judgment for costs.'' The record shows that ''Appellant admits his payment of the costs, but resists this motion to dismiss because: First, the payment of costs in an action begun by himself is in no sense a performance of or acquiescence in the judgment appealed from; and, second, that under our statute (Code, sections 4113, 4114) an appeal may be taken from one part of a decree while submitting to other parts thereof, and that in pursuance of that right he confined that appeal to the single provision of the decree which abates his action in favor of the one brought by the other party.''

The opinion further says:

''This court has given adherence to the narrower rule which makes such payment a waiver unless it has been made under duress or threatened confiscation of property.'' It goes on to say further: ''Costs remain a personal charge or demand against the party by whom they are made, notwithstanding judgment therefor has been entered against the opposing party. If a defeated party thinks the matter of costs taxed against him of too trifling moment to quarrel over and pays them to rid himself of annoyance, we discover no good reason why he may not still prosecute an appeal for the protection of the larger interests involved in a particular issue of law or fact.'' The only other Iowa case cited in this case was State v. Martland, supra.

However, in the Boone case the court affirmed the decree of the court below on the merits. What was said by Judge Weaver in the language he used in reference to the payment of costs not being a part of the judgment, etc., is mere dicta, has no place in the case. The case was fully decided by the court, and it arrived at the conclusion that the judgment below should be affirmed.

884

■■■ Courts prefer to hear cases on their merits. In this case now being considered, the plaintiff-appellant voluntarily stepped into the clerk's office, paid and had satisfied the judgment entered by the court against him, not merely taxed by the clerk. We think the great weight of the Iowa authorities, notwithstanding the Boone case, relying as it does only on the case of State v. Martland, which cannot be tortured into holding anything claimed for it here, that where one deliberately, voluntarily steps in and satisfies a judgment against himself, he is estopped from appealing. Therefore, it is ordered that the appeal in this case is hereby dismissed.—Appeal dismissed.

STIGER, KINTZINGER, SAGER, and MITCHELL, JJ., concur.

DONEGAN, J., takes no part.