CREDIT INDUSTRIAL COMPANY, appellant, v. HOWARD R. BENDIXEN, d/b/a Howard R. Bendixen Implement Co., Terrell, Iowa, appellee.

No. 51169.

(Reported in 125 N.W.2d 262)

DECEMBER 10, 1963.

Charles E. Miller, of Des Moines, for appellant.

Jack H. Bedell, of Spirit Lake, for appellee.

HAYS, J.—This is a law action based upon certain trade acceptances wherein judgment is asked. Involved are two law actions based upon the same acceptances, being causes No. 13331 and No. 13361.

In cause No. 13331, an original notice, stating that the petition in the case would be on file on or before July 31, 1962, was served upon the defendant-appellee. No petition was ever filed and on August 28, 1962, defendant filed the original notice, together with what is termed "Special Appearance and Motion to Dismiss". September 11, 1962, the court dismissed the case at plaintiff-appellant's costs. December 11, 1962, plaintiff filed a petition, case No. 13361, based upon the same trade acceptances and seeking the same relief as was asked in the original notice in case No. 13331, above referred to. December 26, 1962, the defendant filed a "Motion" for a dismissal in the case for the reason that said action has been previously commenced and dismissed in cause No. 13331, and hence current action is barred under the doctrine of res adjudicata. On February 13, 1963, plaintiff changed counsel, who filed resistance to the motion. April 5, 1963, the trial court sustained the motion to dismiss, and taxed costs in the sum of $37.31 to the plaintiff. April 25, 1963, notice of appeal to this court was filed in the office of the Clerk of the District Court of Dickinson County, Iowa, at which time plaintiff paid the accrued costs in the case.

The principal issue involved here is whether a dismissal under rule 55, R. C. P., is a dismissal on the merits under rule 217, R. C. P.

At the outset we are confronted with appellee's contention that an appeal will not lie where there has been compliance with and submission to the judgment from which the appeal is taken, as such compliance precludes the plaintiff from going on with the appeal.

While the authorities are not in accord upon this question, this court has passed thereon under facts, in effect, identical except that the judgment was satisfied before the notice of appeal was given, while here the giving of the notice and the satisfaction of the judgment were simultaneous. In Bates v. Nichols, 223 Iowa 878, 880, 274 N.W. 32, this court said, "The rule in this state seems to be that voluntary payment of a judgment by one against whom judgment is entered, precludes an appeal * * *", and again at page 884, "where one deliberately, voluntarily steps in and satisfies a judgment against himself,

he is estopped from appealing." This rule is recognized in Union County Board of Review v. Hotel Investment Co., 250 Iowa 59, 61, 92 N.W.2d 397.

While it is true that some stress seemed to be given in the Bates case to the fact that the judgment was satisfied before the notice of appeal was given and here it was simultaneous with the notice of appeal, we fail to see therein any distinction of merit. There is no claim that payment was not voluntary. Holding as we do in line with our prior holdings that the appeal must be dismissed, we give no consideration to the alleged errors arising during the trial.—Appeal dismissed.

All JUSTICES concur.