SHARON ANN BELL, appellant, v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., appellees.

No. 51538.

(Reported in 132 N.W.2d 358)

JANUARY 12, 1965.

Herrick, Langdon, Sandblom & Belin and Philip C. Lovrien, all of Des Moines, for appellant.

Duncan, Jones, Hughes, Riley & Davis, of Des Moines, for appellees.

THOMPSON, J.— ▉ After taking her appeal in this case, the plaintiff found it convenient to pay the cost judgment which had been entered against her when she lost in the trial court. So we are forced to the conclusion and holding that, whatever merit her case may have had, it has been lost by her acquiescence in the judgment from which she seeks to appeal.

Mrs. Bell suffered a fall while shopping in the defendant's place of business, on July 27, 1962. She alleged this was due to a wet and slippery substance on the floor and to the defendant's various negligences in permitting it to remain there. She pleaded personal injuries from the fall and asked for damages. We refer to the defendant in the singular, meaning The Great Atlantic & Pacific Tea Company, Inc. The other defendant was its manager.

When the case came to trial the plaintiff introduced her evidence and rested. Defendant's motion for directed verdict was then granted by the court, and judgment entered against plaintiff for costs in the sum of $138.34. The plaintiff gave proper and timely notice of appeal on May 12, 1964. On November 2, 1964, she paid and satisfied the cost judgment against her. Thereupon the defendant filed its motion to dismiss the appeal, alleging plaintiff's acquiescence in the judgment of the trial court. This motion was ordered submitted with the appeal in the case in chief.

I. In view of our conclusion on the motion to dismiss we do not reach the merits of plaintiff's case, and so will not further recite the facts shown by her evidence, or which would have been shown if all offered evidence which was excluded had been added to that admitted. Our previous holdings leave no room for doubt of the required ruling on the motion.

When judgment for costs was entered against the plaintiff,

she had suffered the only monetary penalty possible to adjudge against her. If judgment as prayed had gone against the defendants and they had voluntarily paid it, there would be no doubt that their right to appeal would have been lost. The only difference here is that the judgment against the losing plaintiff was for costs only; but that was still a money judgment.

We have discussed and decided the exact question before us here in at least two cases. In Bates v. Nichols, 223 Iowa 878, 274 N.W. 32, the question was extensively discussed, with review of the pertinent Iowa cases. It was our conclusion there that the voluntary payment of a cost judgment precluded an appeal by the one so paying. Boone v. Boone, 160 Iowa 284, 286, 137 N.W. 1059, 1060, 141 N.W. 938, which has dictum to the contrary, was in effect disapproved.

Since then we have indicated our adherence to the rule of Bates v. Nichols, supra, in Union County Board of Review v. Hotel Investment Co., 250 Iowa 59, 61, 62, 92 N.W.2d 397, 399, and have followed it in the recent case of Credit Industrial Co. v. Bendixen, 255 Iowa 1020, 1021, 1022, 125 N.W.2d 262, 263. These cases leave no doubt that a voluntary payment, even of a cost judgment, is an acquiescence in the judgment below and waives the right of appeal.

II. Nor do we think it material whether the judgment is paid before, at the time of, or after, taking the appeal. If paid before, there remains nothing to appeal from; if paid after, the appeal is lost by acquiescence and waiver. As we said in Credit Industrial Co. v. Bendixen, supra: "While it is true that some stress seemed to be given in the Bates case to the fact that the judgment was satisfied before the notice of appeal was given and here it was simultaneous with the notice of appeal, we fail to see therein any distinction of merit."

Both the Bates and Credit Industrial Company cases, supra, note that there is a divergence of authorities on the exact question presented here. However, the rule is established in Iowa, has been recently approved and followed, and we see no occasion for changing it.

III. By way of resistance to the motion to dismiss, the plaintiff shows that at the time the cost judgment was entered

against her she was a joint tenancy owner, with her husband, of a homestead property in Des Moines. Further, that they had made a contract to exchange their home for another, which involved a loan transaction with a lending company; and this company required the satisfaction of the judgment. We pass the point that the judgment was in all probability not a real lien upon the homestead; the propensity of loan companies to require the satisfaction of even apparent liens is well known. .

But we are unable to find that this circumstance amounted to duress against the plaintiff, or that it made the satisfaction other than voluntary. It is not contended that any compulsion was exerted either by the court or the defendant; all that appears is that in the course of a business transaction it became convenient for the plaintiff to satisfy the judgment. The identical question was before the Colorado Supreme Court in Bull v. Doss Brothers Electric Construction Co., 51 Colo. 459, 460, 119 P. 156. It was there said: "It was no more incumbent upon plaintiffs in error to, at that time, satisfy the judgment than to liquidate an incumbrance before it became due, voluntarily placed upon their property. In either event it might be to their interest or convenience to so do. They were engaged in buying and selling real estate, and negotiating loans thereon, and, in order to more conveniently carry on that particular business, saw fit to satisfy the judgment, and remove the lien created thereby. This did not constitute duress." The court also pointed out that the judgment holder had not made any illegal exactions; "indeed, no demand whatever."

Nothing appears here from which we may distinguish this case from Bates v. Nichols and Credit Industrial Co. v. Bendixen, both supra. It follows that the defendant's motion to dismiss the appeal must be granted.—Appeal dismissed.

All Justices concur.