**AMES GENERAL CONTRACTORS, INC.,**
Appellee,

v.

**IOWA EMPLOYMENT SECURITY COMMISSION et al., Appellants.**

No. 55037.

Supreme Court of Iowa.

Sept. 19, 1972.

Walter F. Maley and Lorne M. Boylan, Des Moines, for appellants.

Maurer & Jones, Ames, for appellee.

REES, Justice.

Defendant, Iowa Employment Security Commission, appeals from the findings and decision of the trial court reversing a decision of the Commission holding that the earnings of the two principal officers and only stockholders of plaintiff are subject to employment compensation tax. Trial court held the two officers and stockholders were not employees of the corporation and that compensation paid them did not constitute taxable wages under Chapter 96, The Code, 1966. We reverse.

Plaintiff is a corporation organized June, 1966 under the laws of Iowa. Prior to the organization of the corporation, the business enterprise was owned by the incorporators McNunn and Kruger, who each upon incorporation owned half of the stock and occupied positions as corporate officers. Both devoted full time to the business of the corporation, and had administrative responsibilities; neither had outside interests and devoted all working days in the interests of the corporate entity. Both received substantial compensation for such activities [$10,000 in the calendar year 1970 plus reimbursement for personal expenses.] The corporation withheld from the officers' salary deductions for social security tax and income tax, and the employing corporation made matching contributions. The field audit division of defendant-Commission determined the earnings of Kruger and McNunn were subject to employment compensation tax, and appeal was taken to the Commission which held hearing and affirmed the determination of the field audit division. Plaintiff then instituted its appeal to the Story County district court, which after hearing found the two corporate officers and stockholders were not employees of plaintiff and reversed the decision of defendant-Commission.

Irrespective of the fact the statutory facility for appeal is expressly delineated in section 96.7(6)(b), The Code, 1966, plaintiff recited in its petition by which it initiated its appeal to the district court that the appeal was being taken in accordance with the provisions of rule 368, Rules of Civil Procedure. No bond was filed as is expressly required by section 96.7(6)(b). Immediately upon the filing of plaintiff's petition, defendant-Commission moved to dismiss on the grounds: (1) plaintiff had failed to file a bond for use of defendant, contending the filing of a bond is a mandatory provision in order to properly perfect appeal and that failure to file a bond is a procedural defect depriving the court of jurisdiction of the subject matter; and, (2) that plaintiff's petition on appeal recites the appeal is perfected under rule 368, R.C.P., and the notice directed the defendant to move or answer within ten days of the date of service, as is required by the rule. The Commission answered prior to the ruling of the court on its motion to dismiss, and the motion to dismiss was subsequently overruled with the condition that plaintiff file within ten days of the date of the ruling a bond in the principal sum of $750 in the office of the clerk of the court in accordance with the provisions of section 96.7 above referred to. Plaintiff then filed its application for modification of the ruling on the motion, representing therein

that plaintiff had paid the entire assessment levied against it to defendant-Commission, and that the order requiring the filing of bond should be nullified. Thereupon, defendant-Commission filed a second motion to dismiss, asserting failure to file a bond as required by the prior ruling of the court deprived the court of jurisdiction and further asserting that by paying the disputed assessment in full plaintiff had waived any appeal rights under the general rule that one may not pay a disputed claim and pursue an appeal. Hearing was had on the motion to dismiss and testimony was taken, and the court summarily overruled the motion. Trial on the merits followed immediately and resulted in the entry of the court's decree embodying the order and decision above referred to.

Defendant-Commission advances two propositions upon which it relies for reversal:

(1) The Findings of Fact, Conclusions of Law and Decision of the Story County court is void for lack of jurisdiction for: (a) lack of jurisdiction of the subject matter due to the failure of plaintiff to comply with section 96.7(6)(b), The Code; (b) failure of plaintiff to comply with the order of court in overruling the first Motion to Dismiss; (c) that by paying the disputed assessment, plaintiff had waived any appeal rights; and (d) plaintiff was attempting to sue the State of Iowa to recover the disputed assessment when there is no statutory authority to maintain such a suit against the State.

(2) That the compensation of corporate officers, who are also principal or sole stockholders, is taxable under the Iowa Employment Security Law if such officers perform substantial services and are entitled to receive remuneration for such services.

■ I. It is apparent on the face of plaintiff's petition, it was applying the provisions of rule 368, R.C.P., in attempting to appeal from the decision of defendant-Commission. Resort may be had to the provisions of rule 368 only if some other statute fails to provide for the pleadings on appeal. Clearly, section 96.7(6)(b) delineates expressly the manner and mode of taking appeals from rulings and decisions of the Employment Security Commission. We read this section to mean that the jurisdictional requirement is met by *"filing* in the office of clerk of the district court of such county his *petition"* (italics supplied), absent further statutory provisions. Section 96.7(6)(b) does not prescribe additional steps necessary to perfect the appeal as in Baker v. City of Cedar Falls (Iowa 1971), 185 N.W.2d 810. The filing of the bond, whereas not jurisdictional in the first instance, is, however, a statutory requirement and was certainly imposed upon plaintiff by the order of the trial court overruling the first motion to dismiss. We conclude, therefore, that plaintiff's failure to comply with both statutory and specific court mandate necessitates a finding that its appeal should have been dismissed.

■ II. We now turn to a consideration of the contention of defendant-Commission that plaintiff-corporation, by paying the disputed assessment in lieu of filing a bond, waived its right to appeal to the district court.

This court recently said, in Vermeer v. Sneller (Iowa 1971), 190 N.W.2d 389, 395–396:

"In Boone v. Boone, 160 Iowa 284, 137 N.W. 1059 (1912), we held, in a well reasoned opinion by Judge Weaver, a payment of costs taxed against a party to litigation is not a waiver of his right to have the real controversy reviewed upon appeal. Our later decisions denying unsuspecting litigants their day in this court did not follow *Boone* or the prevailing rule in other jurisdictions. * * *

"As a matter of public policy, we should look with favor upon payment of costs at the lower court level. These costs are a mere incident to the real controversy and separable therefrom. Section 686.5, Code 1971. Payment benefits the public and courts and can prejudice no one other than the payor. We therefore hold payment of court costs does not in itself constitute an acquiescence in a lower court judgment or a waiver of an appeal in this court. In absence of a showing of actual intent to abandon appeal the payment of court costs is immaterial to the appellate process. Our prior decisions out of harmony with this majority rule must be and are overruled, and the motion to dismiss is also overruled."

The two cases cited by appellant, Bell v. Great Atlantic & Pacific Tea Co., 257 Iowa 241, 132 N.W.2d 358, and Credit Industrial Co. v. Bendixen, 255 Iowa 1020, 125 N.W.2d 262, have apparently been overruled by our holding in *Vermeer, supra*.

We have never said, however, that the payment of a judgment *not for costs*, does not constitute an acquiescence in the judgment and a waiver of a right to appeal. Bates v. Nichols, 223 Iowa 878, 274 N.W. 32; Plover Mercantile Co. v. Peterson (Iowa), 111 N.W. 944; Isaacson v. Mason Motor Co. (Iowa), 157 N.W. 891; Shorthill Co. v. Des Moines Department Store Co. (Iowa), 151 N.W. 65. [The last three cited cases are not officially reported in the Iowa reports.]

We equate the payment by plaintiff of the disputed assessment to the payment of a money judgment, and hold that by paying such assessment the plaintiff-corporation acquiesced therein and waived its right to appeal to the district court.

■ III. We also conclude trial court erred in its finding the officers of plaintiff-corporation were not employees of the corporation rendering wages paid to them taxable under the provisions of section 96.-19(13), The Code, 1966, *viz*:

"Wages" means all remuneration for personal services, including commissions and bonuses and the cash value of remuneration in any medium other than cash. The reasonable cash value of remuneration in any medium other than cash, shall be estimated and determined in accordance with rules prescribed by the commission. Wages payable to an individual for insured work performed prior to January 1, 1941, shall, for the purposes of sections 96.3, 96.4, and this section, be deemed to be wages paid within the calendar quarter with respect to which such wages were payable."

Plaintiff seeks to distinguish the facts in Fort Dodge By-Products v. United States of America, D.C., 133 F.Supp. 254, from the facts in the matter before us here. We are unable to distinguish *Fort Dodge By-Products* as plaintiff attempts to do. In *Fort Dodge* the trial court rejected the contention of the corporation that an employer-employee relationship did not exist between it and its vice-president and director, one Levens. The trial court found Levens rendered substantial services to the corporation for which he was paid and that payment to him by way of remuneration for services was taxable. This is precisely the factual situation in this case.

We conclude the trial court erred in finding the sole stockholders and officers, McNunn and Kruger, were not employees requiring employment security tax to be impressed upon their compensation, and reverse.

Reversed.

All Justices concur, except McCORMICK, J., who concurs in Division III and result only.