CONOCO, INC., Appellee,

v.

NORWEST BANK MASON CITY, N.A., formerly known as The First National Bank of Mason City, Iowa, Appellant.

No. 84–2565.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1985.

Decided July 11, 1985.

John L. Duffy, Mason City, Iowa, for appellant.

Jean A. McNeil, Des Moines, Iowa, for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

This case involves the single issue of whether a letter of credit is revocable or irrevocable. The facts are simple. On July 6, 1981, the First National Bank of Mason City, now known as Norwest Bank Mason City, N.A., (Norwest) issued a letter of credit to Carl Hankenson, d/b/a Hank Oil Co., Inc., Clear Lake, Iowa. The letter of credit contained the following language:

> This Commercial Letter of Credit shall remain in force for a period of six (6) months from August 5, 1981, and will be available to Conoco, Inc. on its sight draft for 100% invoice cost to be accompanied by a letter of demand from Conoco, Inc. and supported by commercial invoices.

In addition, the letter of credit incorporated the provisions of the Uniform Customs and Practice for Documentary Credits (1974 Revision), International Chamber of Commerce Brochure No. 290, which provides that a letter of credit may be either revocable or irrevocable, and that absent clear indication of irrevocability, such credits are deemed revocable. The means by which irrevocability may be indicated are not spelled out in Brochure No. 290. The brochure does not require that the word "irrevocable" be used but only that the words "clearly indicate" that the letter is indeed irrevocable.

On November 12, 1981, Norwest revoked the letter of credit issued to Hankenson. On November 13, 1981, Conoco presented its sight draft and supporting documents to the bank, and payment was refused. Cono-

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

co sued Norwest for wrongful dishonor. The district court[1] entered summary judgment in favor of Conoco, finding that the letter of credit was irrevocable. Norwest appeals that finding.

Neither party questions the incorporation of Brochure No. 290 into the letter of credit. What is questioned is whether the language above quoted from the letter of credit constitutes a clear indication of irrevocability as required by Brochure No. 290. Norwest argues that since letters of credit are required to state an expiration date, the quoted language designates an expiration date, and nothing more. Basing its position on *Beathard v. Chicago Football Club, Inc.*, 419 F.Supp. 1133 (D.C.N.D. Ill.1976), Norwest contends that the same meaning is conveyed by the phrase "will expire" as is conveyed by the phrase "shall remain in force." This cannot be the case. "Shall" is a term of legal significance, in that it is mandatory or imperative, not merely precatory. A requirement that a document "shall remain in force" is quite different from a requirement that a document "will expire." Language such as "will expire" is an indication of the date on which the credit must expire, but does not require that the credit necessarily remain effective until that date. While the quoted language from the Hankenson letter of credit fulfills the requirement of an expiration date, it clearly also requires that the letter of credit remain effective until that date is reached. It is a matter of contract interpretation whether the language contained in the letter "clearly indicates" that the credit is irrevocable. The term "in force" is defined by Webster's Third New International Dictionary at page 887 as meaning "... valid, operative, binding." When the words "in force" are assigned this ordinary dictionary meaning, which is necessary in the interpretation of a contract, there is a clear indication of irrevocability which satisfies the requirements of Brochure No. 290. This indication is fur-

ther strengthened by the succeeding language, that the credit "will be available to Conoco, Inc. ..." In a revocable letter of credit, such language would be meaningless. While scant legal precedent exists for determining whether the language at issue constitutes a clear indication of irrevocability, common sense dictates that it does. The judgment of the district court is therefore affirmed.

---

**1.** The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.