**NORTHERN NATURAL GAS COMPANY, Appellant,**

v.

**Kenneth H. KNOP and Virginia Knop, Appellees.**

**NORTHERN NATURAL GAS COMPANY, Appellant,**

v.

**Harold H. PUEGGEL and Carol Pueggel, Appellees.**

**Nos. 93–1241 and 93–1242.**

Court of Appeals of Iowa.

Sept. 16, 1994.

A. John Frey, Jr. and Stephen D. Haufe of Jurgemeyer, Frey & Haufe, Clinton, for appellant.

Kenneth H. Knop, Houston, TX, pro se.

Harold H. Pueggel, Garner, pro se.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Northern Natural Gas appeals from adverse rulings of the district court denying its petitions for injunctive relief against Pueggels and Knops. The supreme court ordered Northern's appeals jointly submitted. We reverse the district court on both appeals.

Northern Natural Gas Company owns gas pipeline easements crossing separate property owned by Pueggels and Knops. These easements were obtained from Pueggels' predecessors in 1930 and 1949. The Knops' easements were obtained from Knops' predecessors in 1931.

All of these easements granted Northern the right to "construct, maintain and operate pipelines, and appurtenances thereto" and for payment of "consideration of Fifty Cents (50¢) per lineal rod ... to be paid when and as the location of pipelines shall be established, surveyed and measured...." Pipelines were laid across both properties in 1931. Additional lines were laid in 1951 and 1963.

In 1993 Northern wanted to lay additional pipe pursuant to these easements. Pueggels refused to allow construction without immediate payment of future crop damages.[1] Knops denied Northern access to their property without the grant of a new easement.

Northern petitioned for injunctive relief seeking to enjoin Pueggels and Knops from interfering with construction of the pipeline pursuant to Northern's easements. The district court determined Northern's 1930 and 1949 easements did not grant Northern the right to construct additional pipelines following construction of its pipeline in 1931.

Northern contends on appeal that the terms of the 1930 and 1949 easements permit construction of its proposed pipeline and it was error for the district court to conclude that the terms of the agreements did not so provide. Since this case was tried in equity, our review is de novo. Iowa R.App.P. 4.

We first consider whether these appeals are moot. Northern filed a supplemental brief indicating it has obtained new easements from both Knops and Pueggels permitting construction of the proposed pipelines. Northern contends these easements were obtained out of necessity and the terms of these easements expressly reserve its right to pursue these appeals.

Ordinarily, voluntary compliance with a judgment requires dismissal of an appeal. *Credit Indus. Co. v. Bendixen*, 255 Iowa 1020, 1021–22, 125 N.W.2d 262, 262–63 (1963). This rule is no longer as severely applied as it once was. *Millsap v. Cedar Rapids Civil Serv. Comm'n*, 249 N.W.2d 679, 683 (Iowa 1977). We conclude Northern's purchase of new easements and reservation of its appellate rights preclude waiver of its appellate rights. The construction of the terms of the easements remains in dispute, and there is accordingly a justiciable controversy remaining for our consideration.

The resolution of this dispute requires us to construe the terms of the written easement contracts. We are guided in this determination by the rules applicable to the construction of written contracts. In the construction of written contracts the intent of the parties must control; and except in the cases of ambiguity this is determined by what the contract itself says. Iowa R.App.P. 14(f)(14); *Berryhill v. Hatt*, 428 N.W.2d 647, 654 (Iowa 1988).

An ambiguity exists when, after application of pertinent rules of interpretation to the face of the instrument, a genuine uncertainty exists concerning which of two

---

1. The easement did not contain an express requirement that Northern pay crop damages.

reasonable constructions is proper. *Berry-hill*, 428 N.W.2d at 654 (citation omitted). If the contract is not ambiguous, it will be enforced as written, but when there are ambiguities, they are strictly construed against the drafter. *Village Supply Co. v. Iowa Fund, Inc.*, 312 N.W.2d 551, 555 (Iowa 1981) (citation omitted). If ambiguity exists by the terms of the easement agreement, the manner in which the parties themselves have construed them is presumptive evidence of their intention. *See McDonnell v. Sheets*, 234 Iowa 1148, 1154, 15 N.W.2d 252, 255 (1944) (citations omitted).

Interpretation is the search for meaning of contractual words, and construction is ascertaining their legal effect. *Pathology Consultants v. Gratton*, 343 N.W.2d 428, 433 (Iowa 1984). Words are assigned their ordinary meaning in the interpretation of a contract. *See Conoco, Inc. v. Norwest Bank Mason City, N.A.*, 767 F.2d 470, 471 (8th Cir.1985). Words are interpreted within the context in which they are used. *Gildea v. Kapenis*, 402 N.W.2d 457, 459 (Iowa App. 1987) (citation omitted).

After applying these rules of interpretation to the terms of the easements we find no uncertainty exists in the language used. The language of the easements clearly and unambiguously expresses the intention to grant Northern easements for the purpose of constructing, inspecting, repairing, maintaining, and replacing pipelines. We are not persuaded that an absence of specific references to future construction of multiple pipelines indicates future construction was not intended by the parties. On the contrary, the possibility of future construction is consistent with the "when and as" language as well as the use of the plural "pipelines." We conclude the easements permit the construction of Northern's proposed pipeline additions.

Even if we were to determine the language used is ambiguous, the result would not change. The fact that additional lines were installed in 1951 and 1963 is presumptive evidence of the parties' intention to include future construction within the terms of the easements. *McDonnell*, 15 N.W.2d at

255. Knops and Pueggels are bound by the terms of the easements as interpreted by the original grantors and subsequent owners. *See Stouder v. Dashner*, 242 Iowa 1340, 1353, 49 N.W.2d 859, 866 (1951).

We have considered all of the arguments advanced by Knops and Pueggels and find them to be without merit. Northern's proposed pipeline construction is within its rights under the easements, and both Knops and Pueggels should have been enjoined from interfering with that right. *Krogh v. Clark*, 213 N.W.2d 503, 506 (Iowa 1973) (citation omitted). The judgments of the district court are reversed, and the cases are remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**