**IN THE COURT OF APPEALS OF IOWA**

No. 15-1767
Filed September 14, 2016

**DR. PEPPER SNAPPLE GROUP, INC., and NEW HAMPSHIRE INS. CO.,**
    Plaintiffs-Appellants,

**vs.**

**RAYMOND JORGENSEN,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Peter A. Keller,

Judge.

Dr. Pepper Snapple Group appeals the commissioner's finding of

permanent and total disability and the award of medical mileage. **AFFIRMED IN**

**PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Steven T. Durick and Joseph M. Barron of Peddicord, Wharton, Spencer,

Hook, Barron & Wegman, L.L.P., West Des Moines, for appellants.

Richard J. Meyer of Fillenwarth & Fillenwarth, Estherville, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Raymond Jorgensen began working for Dr. Pepper Snapple Group in 2003. While employed as maintenance manager his duties included "run[ning] a route"; replacing, fixing, repairing, and filling vending machines; doing "anything that needed to be done for maintenance"; and bending and engaging in heavy lifting. Seven years into his job, he lifted a dolly to repair it and experienced "an immediate shooting pain." He was diagnosed with a "[l]arge disc rupture L4-5 left side as a result of work-related activity." Neither conservative treatments nor two surgeries alleviated his lower back pain.

Jorgensen filed a claim for workers' compensation benefits. The deputy commissioner concluded Jorgensen was "permanently and totally disabled" and was entitled to reimbursement of "$4122.58 in medical mileage pursuant to Iowa Code section 85.27 [(2013)]." The commissioner's designee affirmed this opinion as did the district court. On appeal, the employer challenges (I) the commissioner's finding of permanent and total disability and (II) the award of mileage as not supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f)(1).

## I.    *Permanent and Total Disability*

The parties stipulated that Jorgensen "sustained an injury . . . which arose out of and in the course of employment," "[t]he alleged injury [was] a cause of temporary disability during [the] period of recovery" and was "a cause of permanent disability," and "the disability [was] an industrial disability." *See Westling v. Hormel Foods Corp.*, 810 N.W.2d 247, 253 (Iowa 2012) (defining

industrial disability as "the reduction in earning capacity"). The only disputed issue was the extent of his industrial disability.

As noted, the commissioner found Jorgensen permanently and totally disabled. Permanent total disability "occurs when the injury wholly disables the employee from performing work that the employee's experience, training, intelligence, and physical capacities would otherwise permit the employee to perform." *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 633 (Iowa 2000). In assessing the extent of industrial disability, relevant factors include "the injured worker's 'age, education, qualifications, experience and his inability, because of the injury, to engage in employment for which he is fitted.'" *Westling*, 810 N.W.2d at 253 (citation omitted).

The deputy commissioner—whose opinion was adopted in full by the commissioner—found Jorgensen "was 46 years old" at the time of the hearing, had an 11th grade education, and had a work history of "physically demanding" labor involving "truck driving [and] delivery." The deputy further found Jorgensen had not driven a vehicle since his back surgery, could not "sit in a chair," and was placed on restrictions that included "no lifting, no bending, and no squatting." The deputy found Jorgensen "severely limited in his ability to function as a result of his work injury" based on his "diagnosis of failed back syndrome" and "chronic pain."

Substantial evidence supports the agency's findings and its determination of permanent and total disability. Snapple points to various pieces of evidence that might support contrary findings, but it is not our role to weigh the evidence. *See Arndt v. City of Le Claire*, 728 N.W.2d 389, 394-95 (Iowa 2007) ("It is the

commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue."). That is particularly true here, where the deputy commissioner made detailed findings addressing the disputed evidence.

For example, Snapple suggests Jorgensen's pain was not as debilitating as he represented because he stopped taking certain medication years earlier, but the deputy cited a professional's concern that long-term use of pain medication was contraindicated, given Jorgensen's liver impairment. The deputy also found Snapple failed to provide physician-recommended pain management treatment. And, Jorgensen testified certain medication made him sick.

As for a vocational expert's report that Jorgensen was employable, the deputy pointed out Jorgensen's limited ability to obtain additional schooling or retraining. Additionally, the very expert who found employment potential in Jorgensen also reported a 96% reduction in the number of post-injury occupations in which he could engage. In the same vein, the deputy addressed Snapple's argument that Jorgensen had no restrictions on his commercial driver's license by pointing out that Jorgensen's severe limitations prevented him from driving or returning "for his [commercial driver's license] physical."

We affirm the commissioner's findings and determination that Jorgensen sustained a permanent and total disability.

## II.    *Medical Mileage Expenses[1]*

"The employer, for all injuries compensable under this chapter . . . shall furnish reasonable . . . medical . . . services and supplies therefor and shall allow reasonably necessary transportation expenses incurred for such services."  Iowa Code § 85.27(1).   The deputy commissioner ordered Snapple to "reimburse [Jorgensen] $4122.58 in medical mileage pursuant to Iowa Code section 85.27." This included $2078 for mileage expenses incurred by a friend and $2044.58 in other mileage.  The deputy found the transportation provided by the friend "was reasonable and necessary for [Jorgensen's] medical treatment" and the "mileage calculations found in exhibit 31" were accurate.

Substantial evidence supports the deputy's finding that transportation by the friend was reasonable and necessary.  Jorgensen testified he was six feet four inches tall and weighed approximately 310 pounds.  Although Snapple had arranged for transport, its vehicle "was a small, compact-type car" and "the seats did not recline far enough back for [Jorgensen] to be comfortable."  Given Jorgensen's impairments, the deputy reasonably authorized compensation for alternate transportation.   The amount of compensation—$2078—is also supported by substantial evidence.

We turn to the deputy's order of compensation for "other mileage."  While Jorgensen introduced substantial evidence to support an award for other mileage

---

[1] Jorgensen moved to dismiss this argument on the ground that Snapple paid the mileage expenses.  However, the opinion on which he relies, *Bates v. Nichols*, 274 N.W. 32, 35 (Iowa 1937), was overruled in *Peoples Tr. & Sav. Bank v. Sec. Sav. Bank*, 815 N.W.2d 744, 754 (Iowa 2012) ("[P]ayment of a judgment during the pendency of appeal is to be encouraged, not condemned.  . . . [W]e hold that the payments made . . . do not cut off the right to appeal.").  Accordingly, we deny the motion to dismiss.

expenses, the deputy's calculation of the amount—$2044.58—appears to contain an error. Exhibit 31, on which the deputy relied, listed "other" miles traveled. Our multiplication of the traveled miles by the agreed-upon reimbursement rate does not add up to the compensation figure found by the commissioner:

| | |
|---|---|
| Exhibit 31-2[2] | 870.5 miles at .50 = $435.25 |
| | 2698.6 miles at .555 = $1497.72 |
| Exhibit 31-5 (August 2010): | 614 miles at .50 = $307.00 |
| Exhibit 31-6 (September 2010): | 306 miles at .50 = $153.00 |
| Exhibit 31-7 (October 2010): | 204 miles at .50 = $102.00 |

In addition, the record reflects company payments for other mileage in the amounts of $591.35, $188.00, and $528.00. Although the parties rely on the same exhibit, together with others reflecting payments by the company, their calculations on appeal do not coincide with the figures cited above, with each other's figures, or with the commissioner's figures. Given the discrepancies, we remand to the district court for an order remanding the "other mileage" calculation to the commissioner for recalculation based on the evidence introduced at the arbitration hearing.

We affirm the commissioner's finding of permanent total disability and affirm the findings that Jorgensen was entitled to reimbursement for medical mileage. We reverse the reimbursement figure for "other mileage" and remand with directions to remand to the commissioner for recalculation of the "other

---

[2] In Exhibit 31-2, Jorgensen used a rate of .555 for mileage, but his brief indicates the first two entries should be reduced to a rate of .50 per mile.

mileage" reimbursement figure using exhibits introduced at the arbitration hearing.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**